UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE ROMAN CATHOLIC
CHURCH OF THE ARCHDIOCESE
OF NEW ORLEANS**

CIVIL NO. 22-1740

SECTION: T(3)

## ORDER

Before the Court is the Appellant's *Motion for an Emergency Stay*.[1] The Debtor filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Two months ago, the United States Bankruptcy Court for the Eastern District of Louisiana issued an order in *In re Archdiocese*, Case No. 20-10846, removing four people from the Official Committee of Unsecured Creditors and dismissing their lawyer, Richard Trahant.[3] After an investigation by the United States Trustee, the Bankruptcy Court determined that Mr. Trahant, in violation of a court order, disseminated confidential information to a third-party.[4] Concerned about further leaks, the Bankruptcy Court ordered the removal of Mr. Trahant and his clients, the four committee members, pursuant to 11 U.S.C. § 105(a).[5] Additionally, the Bankruptcy Court instituted sanctions proceedings against Mr. Trahant. Following their removal from the

---

[1] R. Doc. 12.
[2] R. Doc. 25.
[3] R. Doc. 1-1 at 1.
[4] *Id.*
[5] *Id.*

bankruptcy, the former committee members and Mr. Trahant filed separate appeals with this Court, raising due process concerns.[6]

Now, Mr. Trahant asks this Court to stay the Bankruptcy Court's sanction proceedings against him.[7] Generally, Mr. Trahant raises two arguments. First, he argues that his appeal "divests the Bankruptcy Court of jurisdiction to award additional sanctions."[8] Mr. Trahant contends that, because the order removing him from the case is "final and appealable," the question of whether that order is valid cannot stand before both the Bankruptcy Court and this Court.[9] Mr. Trahant maintains the order, in terms of contempt, is final because it has been "issued" and a "sanction [has been] imposed," namely his removal from the bankruptcy.[10]

Second, Mr. Trahant contends the Fifth Circuit's requirements for a stay are met.[11] Mr. Trahant contends he is likely to succeed on the merits because the Bankruptcy Court did not provide him with due process as required by the Bankruptcy Code.[12] Also, he argues that if action is not taken, he will suffer "irreparable injury" via economic losses and continued reputational

---

[6] *Id.*
[7] R. Doc. 12-1.
[8] *Id.* at 11.
[9] *Id.* at 11-12.
[10] *Id.* at 12.
[11] *Id.* at 14.
[12] *Id.* at 15.

2

harm.[13] Additionally, Mr. Trahant asserts no other party would be seriously harmed and the public interest will be served by a stay.[14]

The Debtor filed a response, contesting both of Mr. Trahant's arguments.[15] First, the Debtor contends the Bankruptcy Court's "show cause" order is not final and, therefore, not appealable.[16] To divest the Bankruptcy Court of jurisdiction, the Debtor argues, there must have been a "finding of contempt" plus a "sanction imposed."[17] The Debtor maintains the Bankruptcy Court has not found contempt, hence the show cause order, and has not imposed any sanction, formal or informal, against Mr. Trahant.[18]

## LAW & ANALYSIS

The Fifth Circuit utilizes a four-part test to assess whether a stay should be granted pending appeal: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest."[19] Ultimately, the "decision to grant or deny a preliminary

---

[13] *Id.* at 15-17. Mr. Trahant contends the "public dissemination of the June 7, 2022 Order to tens of thousands of recipients and in media reports…has caused many people to contact Mr. Trahant and his family and friends with questions and concerns about the unfounded allegations against him in the Order, and has caused some of Mr. Trahant's clients and other lawyers to question his good name, reputation, honor, and integrity." *Id.* at 18.
[14] *Id.* at 20-21.
[15] R. Doc. 25.
[16] *Id.* at 7.
[17] *Id.*
[18] *Id.* at 7-8.
[19] *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 226–27 (Bankr. N.D. Tex. 2002) (quoting *Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir. 1982)).

injunction" is within the "discretion[] [of] the district court."[20] As an "extraordinary remedy," a court should not impose a stay "unless the party seeking it has clearly carried the burden of persuasion on all four requirements."[21] Therefore, granting a stay "is the exception rather than the rule."[22]

To prove there is a "likelihood of success," a party "need not always show a 'probability' of success on the merits," but "instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."[23] In bankruptcy, factual questions, to which the "bankruptcy court has broad discretion," are "unlikely to be overturned" and the first element probably will not be met.[24] However, "questions involving the application of law, or when the law has not been definitively addressed by a higher court, the movant more easily satisfies the first element."[25]

Here, Mr. Trahant cannot satisfy at least two prongs of the stay analysis. First, Mr. Trahant argues that, because he was "not afforded any…due process" before being removed from the bankruptcy, he has a "likelihood" of succeeding on the merits.[26] Consequently, Mr. Trahant confuses the merits of *his appeal* with the merits of any claims in the upcoming *show cause*

---

[20] *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 582 (E.D. La. 2016) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985)).
[21] *Id.* (citing *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir.2012)).
[22] *Id.* (citation omitted).
[23] *Id.* (quoting *Arnold v. Garlock, Inc.*, 278 F. 3d 426, 439 (5th Cir. 2001)).
[24] *Id.* (citing *In re Burkett*, 279 B.R. 816, 817 (Bankr. W.D. Tex. 2002)).
[25] *Id.* (citing *In re Westwood Plaza Apartments, Ltd*., 150 B.R. 163, 168 (Bankr. E.D. Tex. 1993)).
[26] R. Doc. 12-1 at 16-17.

*hearing*. Whether Mr. Trahant received due process before being removed is unrelated to the matter currently before this Court, namely a motion to stay an upcoming show cause hearing. At the same time, the Bankruptcy Court has invited Mr. Trahant to present evidence "as to why he should not be sanctioned" at the show cause hearing.[27] Consequently, he will be afforded due process by way of the hearing. Therefore, in regard to the subject of this stay, Mr. Trahant has not shown there is a likelihood of success.

Second, it does not appear that Mr. Trahant will suffer irreparable harm if the sanction proceedings go forward. As an initial matter, any argument regarding the imposition of penalties in the upcoming show cause hearing is "mere speculation."[28] No party or entity can know how the Bankruptcy Court will act. Also, it is not apparent that any penalty against Mr. Trahant will cause irreparable harm. Mr. Trahant may face monetary penalties or disciplinary action. However, those are not the types of injuries in which "there is no adequate remedy at law." [29] After all, any action taken against Mr. Trahant at the hearing will leave him with a clear legal remedy: an appeal. Accordingly, the motion for a stay is **DENIED**.[30]

---

[27] R. Doc. 12-3 at 9.
[28] *Id.* (citing Janvey *v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011). *See also Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931) ("[An injunction] will not be granted against something merely feared as liable to occur at some indefinite time in the future.").
[29] *Monumental*, 157 F. Supp. 3d at 583 (citing *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C*., 710 F.3d 579, 585 (5th Cir. 2013)).
[30] Importantly, this ruling is not indicative of the merits of Mr. Trahant's alleged confidentiality breach, but instead it assesses purely the procedural actions of the Bankruptcy Court.

Considering this Court's decision, it is not necessary at this time to hear the remainder of the parties' arguments. Ultimately, the parties raise issues that are the subject of this appeal and, therefore, not appropriate to consider in this motion.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 9th day of August, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge