# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | * * * * | CIVIL NO. 22-1740<br><br>SECTION: T |

## ORDER

Before the Court is the Debtor's *Motion to Dismiss*.[1] Two months ago, the United States Bankruptcy Court for the Eastern District of Louisiana issued an order in *In re Archdiocese*, Case No. 20-10846, removing four people from the Official Committee of Unsecured Creditors (the "Committee") and dismissing their lawyer, Richard Trahant.[2] After an investigation by the United States Trustee, the Bankruptcy Court determined that Mr. Trahant, in violation of a court order, disseminated confidential information to a third-party.[3] Concerned about further leaks, the Bankruptcy Court ordered the removal of Mr. Trahant and his clients, the four committee members, pursuant to 11 U.S.C. § 105(a).[4] Additionally, the Bankruptcy Court instituted sanctions proceedings against Mr. Trahant.

In the present motion, the Debtor maintains this Court lacks jurisdiction over Mr. Trahant's case.[5] Specifically, the Debtor contends that, because the Bankruptcy Court's Order was an "interlocutory order," this Court lacks a "final" order to review.[6] Additionally, the Debtor argues Mr. Trahant cannot sufficiently identify any "exceptional circumstances" that would warrant an

---

[1] R. Doc. 26.
[2] R. Doc. 1-1 at 1.
[3] *Id.* at 2.
[4] *Id.* at 4-5.
[5] R. Doc. 26-1 at 6-8.
[6] *Id.* at 7-8.

interlocutory appeal.[7] Richard Trahant filed a response.[8] First, Mr. Trahant contends the Bankruptcy Court's Order is "final for purposes of appeal."[9] Mr. Trahant maintains that, because his removal constituted a sanction and stemmed from a "contempt order," it may be appealed as a final order.[10]

To resolve this motion, it must be determined whether this Court has jurisdiction over Mr. Trahant's claim. Generally, a district court may only "hear appeals from final [orders]" or seek an interlocutory appeal.[11] It is "well-settled" that a contempt order may constitute a final order for purposes of an appeal if "a finding of contempt is issued" and "an appropriate sanction is imposed."[12] As for standing, the general appellate standard in bankruptcy is the "narrow" and exacting "person aggrieved" test.[13] However, bankruptcy sanctions are governed by traditional Article III considerations.[14]

Here, after reviewing the filings and the applicable law, the Court finds dismissal unwarranted. Although Mr. Trahant's grievances stem from an ongoing bankruptcy proceeding, this Court is presented with a question of sanctions. At this time, per the 12(b)(1) standard, the

---

[7] *Id.* at 11-13.
[8] R. Doc. 30.
[9] *Id.* at 6.
[10] *Id.* at 7.
[11] 28 U.S.C. § 158.
[12] *Matter of U.S. Abatement Corp.*, 39 F.3d 563, 567 (5th Cir. 1994).
[13] *Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018); *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 227 B.R. 788, 790–91 (E.D. Tex. 1998) (citing *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n. 18 (5th Cir. 1994)).
[14] *See In re Cleveland*, 26 F. 4th 285, 295 (5th Cir. 2022) (applying the injury-in-fact requirements to a sanctions order).

Bankruptcy Court's Order and Mr. Trahant's removal appear to satisfy the finality and contempt elements required for this appeal to proceed forward.[15] Accordingly, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the *Motion to Dismiss* is **DENIED**.

New Orleans, Louisiana this 23rd day of August, 2022.

_____
Hon.Greg Gerard Guidry
United States District Judge

---

[15] Federal Rule of Civil Procedure 12(b)(1) is the initial vehicle for parties to raise a "lack of subject-matter jurisdiction" defense. "The standard of review applicable to…Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)," but the court may review a broader range of materials in considering subject-matter jurisdiction. *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 676 (E.D. La. Aug. 2, 2012) (citing *Williams v. Wynne*, 533 F.3d 360, 364–65 n. 2 (5th Cir. 2008). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty., Texas*, 798 F.2d 736, 741 (5th Cir. 1986).