**CASE NO. 22-1740, SECT. "T"(3)**

———————————————

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

———————————————

**IN RE ROMAN CATHOLIC CHURCH**
**OF THE ARCHDIOCESE OF NEW ORLEANS**

———————————————

**CIVIL APPEAL FROM AN ORDER**
**OF THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**
**CASE NO. 20-10846, SECT. "A"**
**HON. MEREDITH S. GRABILL, BANKRUPTCY JUDGE**

———————————————

**PRINCIPAL BRIEF ON BEHALF OF**
**<u>APPELLANT RICHARD C. TRAHANT</u>**

# <u>UNDER SEAL</u>

*FILED UNDER SEAL PURSUANT TO SEALING MOTION*
*AND PROPOSED ORDER FILED ON OCTOBER 31, 2022*

RESPECTFULLY SUBMITTED,

**RICHARD C. TRAHANT (#22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, Louisiana 70002**
**(504) 780-9891**
**trahant@trahantlawoffice.com**

- and -

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow &**
**Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500**
**sterbcow@lksalaw.com**

- and -

**JACK E. MORRIS (Bar No. 22539)**
**JACK E. MORRIS, ATTORNEY**
**AT LAW, LLC**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana 70002**
**(504) 454-2769**
**jem@jemorrislaw.com**

*Attorneys for Appellant*
*Richard C. Trahant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE AND STANDARD OF REVIEW . . . . . . . . . . . 1

    Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    The Bankruptcy Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    The Protective Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    ██████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    ███████████████ . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    The Vargas Article . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    The Archdiocese Motion for Evidentiary Hearing . . . . . . . . . . . . . . . . . . 12

    The Sealed Proceedings and Attempts to Participate . . . . . . . . . . . . . . . . 13

    The UST Investigation and Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    The June 7, 2022 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

APPENDIX (filed separately)

*Volume 1 of 2: Public Record*

Table of Contents

1      Relevant Bankruptcy Court Docket Entries (R. 33-2 pp. 1-18)

2      Notice of Appointment of Unsecured Creditors' Committee (R. 33-2 p. 19)

3      Statement Pursuant to Rule 2019 filed July 28, 2020 (R. 33-6 pp. 103-08)

4      Protective Order entered August 3, 2020 (R. 33-2 pp. 23-43)

5      Notice of Appointment of Reconstituted Unsecured Creditors' Committee filed October 8, 2020 (R. 33-2 pp. 44-45)

6      Amended Protective Order entered January 25, 2021 (R. 33-2 pp. 51-94)

7      Supplemental and Amended Protective Order entered May 24, 2021 (R. 33-2 pp. 110-14)

8      Second Supplemental and Amended Protective Order entered October 18, 2021 (R. 33-2 pp. 127-31)

9      Order entered January 20, 2022 (R. 33-2 p. 147-48)

10     Order entered February 4, 2022 (R. 33-2 p. 150)

11     Order entered February 9, 2022 (R. 33-2 p. 153-54)

12     Order entered February 14, 2022 (R. 33-2 p. 223-24)

13    Order entered April 7, 2022 (R. 33-2 p. 265-66)

14    Notice of the Official Committee of Unsecured Creditors' Submission Regarding Sealed Motion filed April 13, 2022 (R. 33-2 p. 320-35)

15    Order entered April 25, 2022 (R. 33-2 pp. 344-46)

16    Notice of Withdrawal of Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee And/or its Counsel To Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order filed April 26, 2022 (R. 33-2 pp. 347-48)

17    Acting United States Trustee's Statement of Position Concerning Violations of the Protective Order filed June 3, 2022 (R. 33-2 p. 543)

18    Order entered June 7, 2022 (R. 33-2 pp. 544-48)

19    Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors filed June 7, 2022 (R. 33-2 p. 549)

20    Notice of Emergency Appeal on Behalf of Richard Trahant filed June 10, 2022 (R. 33-2 pp. 569-71)

21    Order to Show Cause entered June 13, 2022 (R. 33-2 pp. 586-88)

22    Record Designations and Statement of Issues filed June 21, 2022 (R. 33-1 pp. 2-22)

23    Designation of Additional Items to Be Included in the Record on Appeal filed July 20, 2022 (R. 33-5 pp. 1-5)

24    First Supplemental Record Designations by Appellant Richard C. Trahant filed August 3, 2022 (R. 33-4 pp. 1-6)

_Volume 2 of 2: Sealed Record_

Table of Contents



1 ███████████████ (S.R. 1527-29)

2 ██████████████████ 2
  █████████████████ r (S.R. 1547-54)

3 ████████████████████ n
  ████ (S.R. 1555)

4 ████████████████████ z
  (S.R. 1624-25)

5 ████████████████████ d
  (S.R. 1925)

6 ████████████████████ t
  (S.R. 1613)

7 ██████████████████ s (S.R.
  1618-22)

8 ████████████████████ t
  ████████████████████ ,
  ████████████████████ n
  █████████████████ 2 (S.R. 16-43)

9 ████████████████████ d
  █████ (S.R. 165-69)

10 ████████████████████ e
   ██████ rs (S.R. 4588)

11  d
e
(S.R. 154-70)

12 (S.R. 205-08)

13 d
(S.R. 4521-29)

14 d
(S.R. 3588-3845)

15 d
2 (S.R. 1693-1747, 1803, 1824-27, 1908-14)

# TABLE OF AUTHORITIES

<u>*Statutes*</u>

U.S. Const. Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

U.S. Const. Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

11 U.S.C. § 105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 22

11 U.S.C. § 1102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 18, 19

11 U.S.C. § 1103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Bankr. p. 8001 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Bankr. P. 8018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Bankr. P. 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

Fed. R. Bankr. P. 9020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Fed. R. Crim. P. 42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

LR 83.4.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LR 83.4.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>*Cases*</u>

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021) . . . . . . . . . 5

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) . . . . . . . . . . . . . . . . 2, 26

*In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). . . . . . . . . 24

*June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022) . . . . . . . 21

*Matter of Glenn*, 900 F.3d 187 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . 2

*McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902 (5th Cir. 1995) . . . . . . . . . 26

*Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 Fed.Appx. 249 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Test Masters Ed. Serv., Inc. v. Robin Singh Ed. Serv., Inc.*, 799 F.3d 437 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Thornton v. General Motors Corp*, 136 F.3d 450 (5th Cir. 1998) . . . . . . . . 2

*Waste Mgt. of Wash., Inc. v. Kattler*, 776 F.3d 336 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 24, 25, 28

*Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## JURISDICTIONAL STATEMENT

The Bankruptcy Court exercised jurisdiction over this Chapter 11 bankruptcy proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and LR 83.4.1, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

This Court has appellate jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a), LR 83.4.2, and Fed. R. Bankr. p. 8001 *et seq.* because the Bankruptcy Court issued a final order finding contempt and imposing sanctions against appellant, a nonparty, on June 7, 2022 (R. 33-2 p. 544-48), and appellant timely filed a notice of appeal within 14 days thereafter on June 10, 2022 (R. 33-2 pp. 569-71).

## STATEMENT OF THE ISSUE
## AND STANDARD OF REVIEW

**Issue**

The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires that a person charged with contempt of court receive, at a minimum, notice of the alleged charges against them, a reasonable opportunity to meet the charges by way of defense or explanation, and the opportunity to testify and call witnesses. In this case, the Bankruptcy Court held appellant in contempt and imposed sanctions without affording him notice, a hearing, properly admitted evidence, or even access to pertinent portions of the record. Does the Bankruptcy Court's order finding

appellant in contempt and imposing sanctions against him violate the Due Process Clause?

### Standard of Review

In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the court of appeals reviews a district court proceeding. *Matter of Glenn*, 900 F.3d 187, 189 (5th Cir. 2018). A district court thus reviews findings of contempt and impositions of sanctions for abuse of discretion. *Waste Mgt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339 (5th Cir. 2015); *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (internal quotes and citation omitted). "Whether an alleged contemnor was afforded due process is a question of law we review de novo." *Waste Mgt.*, 776 F.3d at 339 (citations omitted). A finding of contempt without notice or a reasonable opportunity to be heard is an abuse of discretion. *See, e.g.*, *id.* at 340-41; *Goldin*, 166 F.3d at 722-23; *Thornton v. General Motors Corp*, 136 F.3d 450, 455 (5th Cir. 1998).

## STATEMENT OF THE CASE

### The Bankruptcy Proceeding

Appellant Richard C. Trahant is state court co-counsel of record for sexual abuse claimants James Adams, Theodore Jackson, Jackie Berthelot, and Eric Johnson (the "Abuse Claimants") appearing as creditors against the debtor in bankruptcy, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), in this Chapter 11 bankruptcy proceeding (the "Bankruptcy Proceeding") (R. 33-2 p. 3; R 33-6 p. 103; S.R. 3602).[1] In the Bankruptcy Proceeding, the U.S. Trustee (the "UST") appointed the Abuse Claimants to the Official Committee of Unsecured Creditors (the "Committee") "pursuant to 11 U.S.C. § 1102(a)(1) ... with the powers enumerated in 11 U.S.C. § 1103" in 2020 (R. 33-2 pp. 19, 44).

---

[1] The record on appeal consists of Rec. Docs. 33 and 55 contained in the public record, and Rec. Docs. 34-41 (compiled on compact disc and Bates stamped pages 1-4796 by the Clerk of Court) filed under seal pursuant to the Bankruptcy Court's Protective Order as amended (Rec. Docs. 33-2 pp. 23, 51, 110, 127), associated sealing orders (Rec. Docs. 33-41), and this Court's sealing orders (Rec. Docs. 11, 50). Accordingly, as used herein, reference to "R. ____" refers to designated documents in the public portions of the record on appeal (R. 33, 55), and reference to "S.R. ____" refers to designated documents in the sealed portions of the record on appeal (S.R. 1-4796). No documents or testimony were offered, introduced, or admitted in evidence at any time prior to the June 7, 2022 Order appealed herein (R. 33-2 pp. 544-48). *See* Fed. R. Bankr. P. 8018(d) ("Exhibits designated for inclusion in the appendix may be reproduced in a separate volume or volumes, suitably indexed").

**The Protective Order**

On August 3, 2020, the Bankruptcy Court entered a Protective Order governing the use and disclosure of discovery materials (R. 33-2 p. 23). The Court subsequently amended and supplemented the Protective Order on January 25, 2021, May 24, 2021, and October 18, 2021 (R. 33-2 pp. 51, 110, 127). The Protective Order as amended applies to the Archdiocese, the Committee, the Official Committee of Unsecured Commercial Creditors, certain "creditors or other constituents" of the Archdiocese, and "any other persons or entities who become bound by this Protective Order" by signing a confidentiality statement (R. 33-2 pp. 51, 127). The Protective Order provides in pertinent part that "information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order ... shall not be governed by this Protective Order even in the event that it is produced during discovery in this matter" (R. 33-2 p. 63). The Protective Order further provides in pertinent part:

> A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of its receipt of Discovery Material, and a failure to do so shall not preclude or be deemed to preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Material as "CONFIDENTIAL," or "CONFIDENTIAL –

-4-

ATTORNEYS' EYES ONLY" shall not constitute a waiver of that Party's right to object to the designation at a later time, including at trial.

(R. 33-2 pp. 57-58).[2]

---

[2] Based on the Protective Order, the Archdiocese designated as "Confidential" "█████████████████" of the documents it produced in discovery in the Bankruptcy Proceeding, including such documents as "████████████████████████████████████████████████████████████████████████████████████████" (S.R. 3745-46). This necessitated the indiscriminate filing of thousands of pages of documents under seal in the Bankruptcy Court (S.R. 1-4796), notwithstanding the Bankruptcy Court's duty to conduct a "case-by-case, document-by-document, line-by-line" examination of such documents to determine whether their mere designation as "Confidential" by the Archdiocese justified depriving the public of access to them. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotes and citations omitted).

As further discussed herein, among the documents filed under seal pursuant to the Protective Order and the Bankruptcy Court's sealing orders are all of the documents on which the Bankruptcy Court relied in finding Mr. Trahant in contempt in the June 7, 2022 Order appealed herein (R. 33-2 p. 544-48). The Bankruptcy Court even went so far as to deny Mr. Trahant, his co-counsel, and their clients, the Abuse Claimants, access to any of those sealed documents. Mr. Trahant thus had no access to or knowledge of the contents of any of the documents on which the Bankruptcy Court based its finding of contempt and imposition of sanctions against him in the June 7, 2022 Order.

As a result of the sealing of the record and the denial of Mr. Trahant's access to large portions of it in the Bankruptcy Proceeding, Mr. Trahant does not discuss herein the contents of any portion of the sealed record that he had no access to or knowledge of prior to the June 7, 2022 Order. Rather, the only substantive contents of the record that are discussed herein are those contained in the public record and in those portions of the sealed record that Mr. Trahant had access to or knowledge of prior to June 7, 2022, such as his declaration, deposition testimony, deposition exhibits, and pleadings filed by or served on him or his co-counsel at the time. Moreover, nothing contained in either the public record or the sealed record, whether

(continued...)



---

²(...continued)
known or unknown to Mr. Trahant, was offered, introduced, or admitted in evidence
at any time, so Mr. Trahant expressly reserves all objections to the admissibility or
consideration of such documents or information in this appeal or otherwise.











w

.

g

t

d

n

”

.

g

n

t

te

e

.

**The Vargas Article**

e

t

e

,



**The Archdiocese Motion for Evidentiary Hearing**



**The Sealed Proceedings and Attempts to Participate**





████████████████████████████████████████████ t

████████████████████████████████████████████ s

████████████████████████████████████████████ r

████████████████████████████████████████████ t

████████████████████████████████████████████ ,

████████████████████████████████████████████ .

███████████████████.[3]

**The UST Investigation and Report**

████████████████████████████████████████████ ,

████████████████████████████████████████████ g

████████████████████████████████████████████ n

████████████████████████████████████████████ n

████████████████████████████████████████████ e

████████████████████████████████████████████ d

████████████████████████████████████████████ a

████████████████████████████████████████████ n

███████████████.

---

[3] Mr. Trahant was first granted access to the sealed transcripts of the Bankruptcy Court's sealed *in camera* status conferences on October 7, 2022 (R. 50).





### The June 7, 2022 Order

The next thing Mr. Trahant knew, the Bankruptcy Court, acting *sua sponte* without notice or a hearing, issued an "Order" dated June 7, 2022 (R. 33-2 p. 544)

finding that he allegedly "provided on multiple occasions confidential information he received to a third party and the media in direct violation of this Court's Protective Order," and that the alleged breach "disqualifies him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation" (R. 33-2 pp. 546-47). The Bankruptcy Court further found that "the Court is forced to impute Trahant's actions to those of his clients on the Committee ...," and ordered the UST to "immediately relieve [the Abuse Claimants] from service on the Committee ..." (R. 33-2 pp. 547-48). "The Court will issue a separate Order To Show Cause," the Court announced, "to determine appropriate sanctions for Trahant's disclosure of confidential information in violation of this Court's Protective Order" (R. 33-2 p. 548). The Bankruptcy Court cited 11 U.S.C. §§ 105(a) and 1102(a)(4) as authority for the Order (R. 33-2 p. 548).

In the June 7, 2022 Order, the Bankruptcy Court identified and relied upon the UST Report and accompanying documents (S.R. 492-4587), summarized as follows:

> The Court has reviewed the UST Report and the attachments thereto, which include 78 sworn declarations; 18 transcripts of sworn examinations provided under Rule 2004 of the Federal Rules of Bankruptcy Procedure; one transcript and one summary of two unsworn telephonic interviews; and numerous documents produced to the UST pursuant to Rule 2004, including relevant telephone and text message

-18-

> logs, electronic transaction reports, and e-mail and letter correspondence.

(R. 33-2 pp. 545-46). However, the UST Report and attachments were filed under seal without service on Mr. Trahant, his co-counsel, or their clients the Abuse Claimants, and as the Bankruptcy Court observed in the Order, "The UST Report remains under seal at this time" (R. 33-2 pp. 543, 545). As a result, neither Mr. Trahant, his co-counsel, the Abuse Claimants, nor the public had access to the factual or legal bases of the Bankruptcy Court's Order holding Mr. Trahant in contempt, disqualifying him from participating in proceedings of the Committee, imputing his alleged conduct to the Abuse Claimants, and ordering the UST to remove the Abuse Claimants from the Committee (R. 33-2 pp. 543-48).[4]

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court cited and relied on 11 U.S.C. §§ 105(a) and 1102(a)(4) to act *sua sponte* in the June 7, 2022 Order finding Mr. Trahant in contempt, disqualifying him from participating in proceedings of the Committee, imputing his alleged conduct to the Abuse Claimants, and ordering the UST to remove his clients from the Committee (R. 33-2 pp. 544-48). However, Sections 105(a) and 1102(a)(4)

---

[4] Mr. Trahant and his counsel were denied access to the UST Report and attachments until June 13, 2022 at the earliest (R. 33-2 p. 588).

did not authorize the Bankruptcy Court to punish Mr. Trahant for contempt without due process of law in violation of the Fifth Amendment.

Prior to the June 7, 2022 Order, Mr. Trahant was not served with any order to show cause, notice of hearing, or other form of notice identifying him as a person who might be held in contempt. He had no access to the contents of the sealed UST Report or its sealed attachments that the UST submitted to the Bankruptcy Court just days before the entry of the June 7, 2022 Order. He had no opportunity to prepare a defense against any alleged charge against him; no trial or hearing on any alleged charge against him; no opportunity to testify, call other witnesses to testify, or submit documentary evidence in opposition to any alleged charge against him; and no opportunity to confront or examine any witness, review any document, or challenge the trustworthiness, reliability, admissibility, or sufficiency of any material that the Bankruptcy Court relied on. As a direct result of the denial of Mr. Trahant's right to due process, the Bankruptcy Court made clearly and plainly erroneous factual findings based entirely on a secret record and without admitting any competent evidence offered or introduced by any party at any time.

The Bankruptcy Court thus failed to comply with any of the requirements of due process before finding Mr. Trahant in contempt and imposing sanctions in the

June 7, 2022 Order, and this Court should reverse or vacate the June 7, 2022 Order accordingly.

## ARGUMENT

Rule 9020 of the Federal Rules of Bankruptcy Procedure provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr. P. 9020. Rule 9014 provides in pertinent part that "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). But Rules 9014 and 9020 do not apply to the Bankruptcy Court's finding of contempt and impositions of sanctions in the June 7, 2022 Order because neither the Archdiocese, the UST, nor any party in interest made a motion for an order of contempt or sanctions against Mr. Trahant.

Similarly, 11 U.S.C. § 1104(a)(4) provides in pertinent part: "On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders." Again, however, no "party in interest" requested any change in the membership of the Committee, so § 1104(a)(4), standing alone, does not apply to the June 7, 2022 Order.

-21-

Instead, the Bankruptcy Court acted *sua sponte* pursuant to 11 U.S.C. § 105(a), which provides in pertinent part: "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process" (R. 33-2 p. 548). Nevertheless, although § 105(a) authorizes the Bankruptcy Court to act *sua sponte* in certain circumstances, it does not authorize the Bankruptcy Court to punish a person for contempt or impose sanctions without "reasonable notice and opportunity for hearing" under Fed. R. Bankr. P. 9014(a), "notice and a hearing" under 11 U.S.C. § 1104(a)(4), or due process of law under the Fifth Amendment to the U.S. Constitution.[5]

---

[5] To the extent the Bankruptcy Court's June 7, 2022 Order punishes Mr. Trahant for criminal contempt, Fed. R. Crim. P. 42(a) also would apply and provides in pertinent part:

> Rule 42. Criminal Contempt
>
> (a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
>
> > (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> >
> > > (A) state the time and place of the trial;
> >
> > (continued...)

The Fifth Amendment provides in pertinent part: "No person shall be ... deprived of life, liberty, or property, without due process of law ...." U.S. Const.

---

[5](...continued)

                (B) allow the defendant a reasonable time to prepare a defense; and

                (C) state the essential facts constituting the charged criminal contempt and describe it as such.

      (2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

      (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment....

*See Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 Fed.Appx. 249, 256 (5th Cir. 2020) ("A variety of procedural safeguards must be in place before a district court may impose criminal sanctions. These range from sufficient notice that the proceedings are of a criminal nature to proof of guilt beyond a reasonable doubt, and the involvement of an independent prosecutor") (citations omitted).

      In this case, it is unnecessary to determine whether the Bankruptcy Court's findings and sanctions in the June 7, 2022 Order constitute criminal contempt or civil contempt because Mr. Trahant was deprived of even the less stringent procedural due process protections applicable to civil contempt.

Amend. V.[6] "In general, due process requires 'that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses.'" *Waste Mgt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015) (citation omitted). "Adequate notice typically takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Id.* at 340 (footnote omitted). Absent adequate notice or any of the other requirements of due process, a "contempt finding cannot stand ...." *Id.*[7]

---

[6] *See also* U.S. Const. Amend. XIV ("nor shall any State deprive any person of life, liberty, or property, without due process of law ...").

[7] *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27 (1991) ("A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees") (citation omitted); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property," including liberty interests in "a person's good name, reputation, honor, or integrity ..."); *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971) ("Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential"); *In re Oliver*, 333 U.S. 257, 276, 68 S.Ct. 499, 509, 92 L.Ed. 682 (1948) ("The facts shown by this record put this case outside the narrow category of cases that can be punished as contempt without notice, hearing and counsel"); *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (continued...)

In *Waste Management*, 776 F.3d at 338, the district court ordered the defendant, Kattler, to produce certain items, which Kattler failed to produce based in part on assertions of attorney-client privilege by his attorney, Moore. The plaintiff filed a motion for contempt, listing Kattler "as the sole potential contemnor whose liability was to be addressed at the hearing," and the district court issued a notice setting an evidentiary hearing on the motion as written. *Id.* at 339. "Following this hearing, the district court found both Kattler and Moore in contempt ...." *Id.* On appeal, Moore argued that "while he was aware he might be the subject of a future contempt hearing, he was not provided with adequate notice that a contempt finding could be entered against him after the show-cause hearing." *Id.* The court of appeals vacated "the contempt order as it pertains to Moore," reasoning that the district court's notice of an evidentiary hearing "did not signal to Moore that he could be found in contempt because it identified Kattler alone as the party whose contempt liability was to be adjudicated." *Id.* 340-41.[8]

---

[7](...continued)
(1925) ("Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation") (citations omitted).

[8] *See also Test Masters Ed. Serv., Inc. v. Robin Singh Ed. Serv., Inc.*, 799 F.3d 437, 451, 456 (5th Cir. 2015) (vacating contempt order against attorney for alleged (continued...)

Similarly in this case, Mr. Trahant was not afforded any of the requirements of due process before being held in contempt in the June 7, 2022 Order. He was not served with a show-cause order, notice of hearing, or other form of notice identifying him as a person who might be held in contempt at any time. The "Motion for Entry of an Order ... Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order" that the Archdiocese filed under seal on January 20, 2022 did not identify Mr. Trahant as an alleged contemnor, and was withdrawn on April 26, 2022 before any ruling on it (R. 33-2 pp. 347-48; S.R. 16-43). The Bankruptcy Court's Order dated April 25, 2022 ordering the UST to investigate alleged Protective Order violations did not identify Mr. Trahant as a target of the investigation (R. 33-2 pp. 344-46). Mr. Trahant had no access to the contents of the sealed UST Report or its voluminous sealed attachments that the UST submitted to the Bankruptcy Court just days before the entry of the June 7, 2022 Order (R. 33-2 pp. 543, 546; S.R. 492-4587). He had no

---

[8](...continued)

contemnor where order to show cause gave him "no notice that he may potentially be held in contempt"); *Goldin v. Bartholow*, 166 F.3d 710, 722-23 (5th Cir. 1999) (reversing district court order imposing sanctions where there was "nothing in the record which would give any notice to Goldin that he might be held *personally* liable as a sanction for his conduct") (emphasis in original); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 903, 907 (5th Cir. 1995) (vacating district court order imposing sanctions on in-house counsel for defendant where the district court "had not issued a show cause or similar order or process that would have put [the attorney] on notice that sanctions were being considered against him personally").

opportunity to prepare a defense against any alleged charge against him; no trial or hearing on any alleged charge against him; no opportunity to testify, call other witnesses to testify, or submit documentary evidence in opposition to any alleged charge against him; and no opportunity to confront or examine any witness, review any document, or challenge the trustworthiness, reliability, admissibility, or sufficiency of any material that the Bankruptcy Court relied on to hold him in contempt.

As a direct result of the denial of Mr. Trahant's right to due process in the Bankruptcy Proceeding, Mr. Trahant suffered a cascade of prejudicial consequences. Despite the availability of undisputed evidence that ███████████████n ████████████████████████████████████████████. ████████████████████████████████████████████e ████████████████████████████████████████████d ████████████████████████████████████████████e ██████████████████████████████ (S.R. 3622, 3625, 3627-28, 3634-35, 3638-39, 3649, 3652, 3657-60, 3669-70, 3674-75, 3683-84, 3708-09, 3718, 3723, 3725, 3728, 3731-34, 3737-38, 3741, 3746, 3785), the Bankruptcy Court erroneously found – without admitting any competent, accessible evidence offered or introduced by any party at any time – that Mr. Trahant allegedly "provided on

-27-

multiple occasions confidential information he received to a third party and the media in direct violation of this Court's Protective Order," and that his alleged "disclosures and violation of the Protective Order was knowing and willful" (R. 33-2 p. 546). In addition, the denial of a public trial or hearing, and the complete secrecy of the UST Report and its attachments, have hamstrung Mr. Trahant's ability to mitigate the damage to his reputation caused by the Bankruptcy Court's vague and erroneous – but very public – findings incriminating him in the June 7, 2022 Order.

In sum, the denial of a hearing, properly admitted evidence, notice of the false charges against him, and access to the factual and legal basis for such charges deprived Mr. Trahant of any opportunity whatsoever "to meet them by way of defense or explanation," *Waste Management*, 776 F.3d at 339, directly resulting in the clearly and plainly erroneous findings of the Bankruptcy Court and unmitigated damage to Mr. Trahant's reputation. In these circumstances, the Bankruptcy Court's June 7, 2022 Order deprived Mr. Trahant of the right to due process of law, and as a matter of law, it "cannot stand" for this reason alone. *Id.* at 339-40.

## CONCLUSION

For the foregoing reasons, Mr. Trahant respectfully prays that the Court reverse or vacate the June 7, 2022 Order.

RESPECTFULLY SUBMITTED,

**RICHARD C. TRAHANT (#22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, Louisiana 70002**
**(504) 780-9891**
**trahant@trahantlawoffice.com**

    - and -

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow &**
     **Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500**
**sterbcow@lksalaw.com**

    - and -

*/s/ Jack E. Morris*
_____

**JACK E. MORRIS (Bar No. 22539)**
**JACK E. MORRIS, ATTORNEY**
     **AT LAW, LLC**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana 70002**
**(504) 454-2769**
**jem@jemorrislaw.com**

***Attorneys for Appellant***
***Richard C. Trahant***

-29-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing "Principal Brief on Behalf of Appellant Richard C. Trahant," including its accompanying "Appendix Volume 2 of 2: Sealed Record," both filed under seal pursuant to a sealing motion and proposed order filed on October 31, 2022, have been served on counsel of record for all interested parties, securely sealed with the container clearly labeled "UNDER SEAL," by hand delivery this __31st__ day of __October__, 2022:

*Counsel for the U.S. Trustee:*

Amanda Burnette George, Esq.
Trial Attorney, Office of the U.S. Trustee
400 Poydras St., Ste. 2110
New Orleans, LA 70130

*Counsel for Debtor, The Roman Catholic Church of the Archdiocese of New Orleans:*

R. Patrick Vance, Esq.
Elizabeth J. Futrell, Esq.
Mark A. Mintz, Esq.
Laura F. Ashley, Esq.
Jones Walker LLP
201 St. Charles Ave., 51st Fl.
New Orleans, LA 70170

*/s/ Jack E. Morris*
_____
**JACK E. MORRIS**

-30-