CASE NO. 22-1740, SECT. "T"(3)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS

Richard C. Trahant,

*Appellant*,

v.

Roman Catholic Church of the Archdiocese of New Orleans, et al.,

*Appellees*.

Appeal from an Order of the United States Bankruptcy Court for the
Eastern District of Louisiana, Case No. 20-10846, Sect. "A,"
Honorable Meredith S. Grabill

PRINCIPAL BRIEF OF APPELLEE,
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS

MARK A. MINTZ (#31878)
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
EDWARD D. WEGMANN (#13315)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8368
Email: mmintz@joneswalker.com
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: dwegmann@joneswalker.com

*Counsel for Appellee, The Roman Catholic
Church of the Archdiocese of New Orleans*

## DISCLOSURE STATEMENT

The undersigned counsel of record certifies, pursuant to Fed. R. Bankr. P. 8012(b) and 8014(b), that The Roman Catholic Church of the Archdiocese of New Orleans is a non-profit religious corporation incorporated under the laws of the State of Louisiana.  It has no parent corporation, and it issues no stock.  As such, no publicly held corporation owns 10% or more of its stock.

Dated: November 30, 2022      /s/ Mark A. Mintz
_____
                              MARK A. MINTZ (#31878)
                              Jones Walker LLP
                              201 St. Charles Avenue, 51st Floor
                              New Orleans, LA 70170
                              Telephone: (504) 582-8368

                              **Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans**

ii

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ........................................................... ii

TABLE OF CONTENTS.................................................................. iii

TABLE OF AUTHORITIES ............................................................. vi

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE..........................................................4

    A.    The Petition Date and Appointment of the Committee.........................4

    B.    The Protective Order. ........................................................5

    C.    Disclosure of Protected Material in Violation of the Protective Order.................................................................6

    D.    The UST Investigation. .....................................................8

    E.    The Bankruptcy Court's June 7, 2022 Order. ....................................10

    F.    The Show-Cause Order and the Show-Cause Hearing. ......................11

    G.    The October 11, 2022 Order and October 11, 2022 Opinion. ............12

    H.    Mr. Trahant's Second Appeal. .............................................13

SUMMARY OF THE ARGUMENT ....................................................14

ARGUMENT ...........................................................................15

    A.    This Appeal Is Constitutionally Moot.................................................15

    B.    In the Alternative, this Appeal Should Be Consolidated With Mr. Trahant's Second Appeal. ...............................................19

    C.    The Bankruptcy Court Did Not Violate the Due Process Clause in Finding that Mr. Trahant Violated the Protective Order, Nor Did it Abuse its Discretion in Making that Finding.............................21

        a.    Legal Standards.......................................................21

b.   The Bankruptcy Court Issued the Show-Cause Order and Held the Show-Cause Hearing Before Imposing Sanctions; the June 7, 2022 Order Is Not a Sanction. ..............22

c.   Alternatively, Mr. Trahant Received Notice and an Opportunity to Defend Himself Before the June 7, 2022 Order Was Entered. ...................................................25

CONCLUSION ........................................................................29

CERTIFICATE OF SERVICE ................................................29

CERTIFICATE OF COMPLIANCE .......................................30

APPENDIX (filed separately)

1.  Redacted copy of Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee and/or its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order filed January 20, 2022 and unsealed/redacted October 11, 2022 [Bankr. 1256-1]

2.  Richard C. Trahant's Objections to Order to Show Cause and to Impositions of Additional Sanctions filed August 8, 2022 [Bankr. 1704]

3.  Order entered August 23, 2022 [Bankr. 1749]

4.  Redacted copy of Transcript of Show-Cause Hearing held August 22, 2022 [Bankr. 1752-1]

5.  Order entered October 11, 2022 [Bankr. 1843], including redacted copies of: Transcripts of Status Conferences held on February 11, 2022, March 11, 2022, and April 14, 2022 [Bankr. 1843-1, 1843-2, & 1843-3]; the Trahant Declaration [Bankr. 1843-4]; and the Trahant Deposition Transcript [Bankr. 1843-5]

6.  Memorandum Opinion and Order entered October 11, 2022 [Bankr. 1844]

7.  Notice of Appeal on Behalf of Richard Trahant filed October 21, 2022 [Bankr. 1873]

iv

8. Order entered November 2, 2022 [Bankr. 1911]

9. Record Designations and Statement of Issues filed November 3, 2022 [Bankr. 1913]

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Akzo Nobel, Inc. v. United States*, 478 F. App'x 126 (5th Cir. 2012) ......................3

*Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574 (5th Cir. 2000) ...............3, 4

*Buczek v. Keybank N.A.*, No. 20-1046, 2022 U.S. Dist. LEXIS 152400, (W.D.N.Y. Aug. 24, 2022) ................................................................................................19

*Cargill, Inc. v. United States*, 173 F.3d 323 (5th Cir. 1999) ....................................3

*Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017).............................21

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992)....................1, 16

*Fryar v. Applewhite*, No. 18-51, 2018 U.S. Dist. LEXIS 125227 (N.D. Miss. July 26, 2018)................................................................................................19

*Garner v. Pillar Life Settlement Fund I, L.P. (In re Life Partners, Inc.)*, 708 F. App'x 831 (5th Cir. 2017) (per curiam)...........................................................1, 16

*Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) ........................................ 22, 24

*Grannis v. Ordean*, 234 U.S. 385 (1914)................................................................22

*In re Bradley*, 495 B.R. 747 (Bankr. S.D. Tex. 2013)............................................22

*In re Cannonsburg Env't Assocs., Ltd.*, 72 F.3d 1260 (6th Cir. 1996)....................20

*In re Monge*, 700 F. App'x 354 (5th Cir. 2017) ......................................................20

*In re Paige*, 365 B.R. 632 (Bankr. N.D. Tex. 2007)................................................22

*In re Victory Mkts., Inc.*, 195 B.R. 9 (N.D.N.Y. 1996) ...........................................23

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357 (5th Cir. 2003)................................................................................16

*Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328 (5th Cir. 2008)...............22

*McGuire v. Sigma Coatings, Inc.,* 48 F.3d 902 (5th Cir. 1995) ..............................25

*Mills v. Green*, 159 U.S. 651 (1895).......................................................................16

#100760790v8

*Motient Corp. v. Dondero*, 529 F.3d 532 (5th Cir. 2008)................................. 15, 16

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)...........................22

*Perry v. Dearing (In re Perry)*, 345 F.3d 303 (5th Cir. 2003) ..................................3

*Placid Refin. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609 (5th Cir. 1997)...................................................................... 4, 21, 22

*Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327 (10th Cir. 2009).16

*Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437 (5th Cir. 2015)...............................................................................................................24

*U.S. Bank Nat'l Ass'n v. Windstream Holdings, Inc. (In re Windstream Holdings, Inc.)*, No. 20-4276, 2020 U.S. Dist. LEXIS 137183 (S.D.N.Y. Aug. 3, 2020) ...19

*Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336 (5th Cir. 2015)............ 3, 4, 24

*Waste Mgmt. of Wash., Inc. v. Kattler*, No. 12-3454, 2013 U.S. Dist. LEXIS 190163 (S.D. Tex. Mar. 28, 2013), *vacated*, 76 F.3d 336 (5th Cir. 2015) ..........24

## Statutes

11 U.S.C. § 105(a) ...........................................................................................21

11 U.S.C. § 107(b)(2)........................................................................................12

11 U.S.C. § 107(c) ............................................................................................12

28 U.S.C. § 1334 ................................................................................................1

28 U.S.C. § 158(a)(1)..........................................................................................1

## Rules

Fed. R. Bankr. P. 8001 *et seq*............................................................................1

Fed. R. Bankr. P. 8003 .....................................................................................19

Fed. R. Bankr. P. 8003(b)(2)........................................................................ 14, 19

Fed. R. Bankr. P. 8012(b) .................................................................................. ii

Fed. R. Bankr. P. 8014(b) .................................................................................. ii

Fed. R. Bankr. P. 8015(a)(5) ...................................................................30

Fed. R. Bankr. P. 8015(a)(6) ...................................................................30

Fed. R. Bankr. P. 8015(a)(7)(B)(i) ...........................................................30

Fed. R. Bankr. P. 8015(g) .......................................................................30

Local Rule 83.4.2 ...................................................................................19

## Treatises

10 Collier on Bankruptcy ¶ 8003.09 (16th ed. 2022) .............................20

7 Collier on Bankruptcy ¶ 1102.05[3] (16th ed. 2022) ..........................23

#100760790v8

## JURISDICTIONAL STATEMENT

The Bankruptcy Court exercised jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.   On June 7, 2022, the Bankruptcy Court issued an order finding that Mr. Trahant knowingly and willfully violated the Protective Order but did not sanction him at that time [R. 33-2, pp. 544-48].[1]   Mr. Trahant timely appealed to this Court on June 10, 2022 pursuant to Fed. R. Bankr. P. 8001 *et seq*. [R. 33-2, pp. 569-71].   After issuing an Order to Show Cause on June 13, 2022 [R. 33-2, pp. 586-88] and conducting an evidentiary hearing on August 22, 2022 [Bankr. 1749], the Bankruptcy Court imposed sanctions against Mr. Trahant on October 11, 2022 [Bankr. 1844], thereby rendering the June 7, 2022 Order "final" for purposes of appeal.   Accordingly, this Court has jurisdiction under 28 U.S.C. § 158(a)(1).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      An appeal is constitutionally moot if it would be "impossible for the court to grant any effectual relief whatever to a prevailing party." *Garner v. Pillar Life Settlement Fund I, L.P. (In re Life Partners, Inc.)*, 708 F. App'x 831, 835 (5th Cir. 2017) (per curiam) (quoting *Church of Scientology of Cal. v. United States*, 506

---

[1] The record on appeal consists of Rec. Docs. 33 and 55 contained in the public record and Rec. Docs. 34-41 (compiled on compact disc and Bates stamped pages 1-4796 by the Clerk of Court) filed under seal.

As used herein, "R. ___" refers to documents in the public portions of the record on appeal [R. 33, 55], and "S.R. ___" refers to documents in the sealed portions of the record on appeal [S.R. 1-4796].   Additionally, "Bankr. ___" refers to documents in the Bankruptcy Court's record that are contained in the Appendix filed in connection with this Principal Brief.

U.S. 9, 12 (1992)). In connection with this Appeal, Mr. Trahant seeks a determination that the Bankruptcy Court's June 7, 2022 Order finding that he violated the Protective Order violates the Due Process Clause because he allegedly was not afforded "notice, a hearing, properly admitted evidence, or even access to pertinent portions of the record." [Rec. Doc. 56, pp. 10-11].

After entry of the June 7, 2022 Order, the Bankruptcy Court: (a) issued an Order to Show Cause that directed Mr. Trahant to appear and show cause as to why he should not be sanctioned for his willful violation of the Protective Order [R. 33-2, pp. 586-88]; (b) held an evidentiary hearing, during which Mr. Trahant offered sworn testimony and was represented by counsel [Bankr. 1749]; and (c) issued an Opinion, concluding that "[t]he evidence presented at the show-cause hearing reconfirmed" its finding that Mr. Trahant violated the Protective Order [Bankr. 1844, p. 26]. Under these circumstances, is this Appeal constitutionally moot?

2.     Should this Appeal be consolidated with Mr. Trahant's appeal of the Bankruptcy Court's October 11, 2022 Opinion imposing sanctions [Bankr. 1873] where the appeals implicate the same fundamental factual and legal issues concerning Mr. Trahant's violation of the Protective Order and involve the identical parties?

3.     Does the June 7, 2022 Order finding that Mr. Trahant violated the Protective Order violate the Due Process Clause where: (a) the Bankruptcy Court

#100760790v8

did not impose sanctions until after issuing an Order to Show and conducting an evidentiary hearing, during which Mr. Trahant offered sworn testimony and was represented by counsel; (b) the Bankruptcy Court's finding that Mr. Trahant violated the Protective Order was supported by factual findings contained in the United States Trustee's Report following an independent investigation, as well as sworn statements of Mr. Trahant and documents he produced to the United States Trustee; and (c) "evidence presented at the show-cause hearing reconfirmed" that finding [Bankr. 1844, p. 26]?

### Standard of Review

"A district court, in reviewing the findings of a bankruptcy court, acts in an appellate capacity." *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308 (5th Cir. 2003). An appellate court reviews contempt findings for abuse of discretion. *See Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339 (5th Cir. 2015). "[A] court abuses its discretion when it (1) relies on clearly erroneous factual findings, (2) relies on erroneous conclusions of law, or (3) misapplies its factual or legal conclusions." *Akzo Nobel, Inc. v. United States*, 478 F. App'x 126, 131-132 (5th Cir. 2012) (quoting *Cargill, Inc. v. United States*, 173 F.3d 323, 341 (5th Cir. 1999)).

"The district court's underlying findings of fact are reviewed for clear error and its underlying conclusions of law reviewed de novo." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000) (internal citations omitted).

3

"Whether an alleged contemnor was afforded due process is a question of law . . .

review[ed] de novo." *Waste Mgmt.*, 776 F.3d at 339.  A civil contempt proceeding

that provides "notice and an opportunity to be heard" is constitutional. *Am. Airlines*,

228 F.3d at 583 (quoting *Placid Refin. Co. v. Terrebonne Fuel & Lube (In re

Terrebonne Fuel & Lube)*, 108 F.3d 609, 613-14 (5th Cir. 1997)).

## STATEMENT OF THE CASE

### A. The Petition Date and Appointment of the Committee.

On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the

"**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District

of Louisiana (the "**Bankruptcy Court**"), commencing a chapter 11 case (the

"**Chapter 11 Case**").  [R. 33-2, p. 544].

The Office of the United States Trustee (the "**UST**") appointed the Official

Committee of Unsecured Creditors (the "**Committee**") on May 20, 2020 [R. 33-2,

p. 19], which Committee was subsequently reconstituted several times.  As of

October 8, 2020, the six-member Committee was comprised solely of tort claimants

alleging abuse by clergy.  [R. 33-2, pp. 44-45].  Richard C. Trahant ("**Mr. Trahant**"

or "**Appellant**") serves as personal counsel to four of the six claimants who served

on the Committee at that time.  [R. 33-2, p. 546].

4

## B. The Protective Order.

On August 3, 2020, the Bankruptcy Court entered a Protective Order to protect highly confidential and sensitive information produced in discovery in the Chapter 11 Case. [R. 33-2, pp. 23-43].[2]  The Protective Order defines "Protected Material" as discovery produced and designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."  [R. 33-2, p. 53].  Pursuant to Paragraph 7 of the Protective Order, any discovery material designated or marked "CONFIDENTIAL" may be disclosed by a recipient only to certain persons:  (i) the Debtor, including its officers, employees, and agents; (ii) the Committee, including its members and their attorneys; (iii) other creditors and constituents, after they have signed a Confidentiality Statement; and (iv) the UST.  [R. 33-2, pp. 58-60].  Paragraph 8 similarly restricts the disclosure of discovery material marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  [R. 33-2, pp. 60-63].

Paragraph 9 of the Protective Order, in turn, identifies prohibited uses for Protected Material obtained through discovery in the Chapter 11 Case:

> **Any Protected Material, and all information derived from Protected Material** (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "CONFIDENTIAL" or "CONFIDENTIAL –

---

[2] The Bankruptcy Court subsequently amended the Protective Order at various times throughout the Chapter 11 Case to add certain parties and provisions.  *See* Amended Protective Order [R. 33-2, pp. 51-71]; Supplemental and Amended Protective Order [R. 33-2, pp. 110-14]; Second Supplemental and Amended Protective Order [R. 33-2, pp. 127-31].

ATTORNEYS' EYES ONLY" under this Protective Order), **shall not be used, directly or indirectly, by any person** for any business, commercial or competitive purposes, or **for any purpose whatsoever other than for Authorized Uses**.

[R. 33-2, p. 63] (emphasis added). Paragraph 10 makes clear that the Protective Order prohibits disclosure of Protected Material outside of the methods set forth in the Protective Order:

> Except with the prior written consent of the person asserting "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment, or in accordance with a prior order of the Court after notice, **any Protected Material, <u>and any information contained in, or derived from Protected Material</u>** (including, but not limited to, all deposition, examination or hearing testimony that refers, reflects, or otherwise discusses any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") **may not be disclosed other than in accordance with this Protective Order.**

[R. 33-2, p. 64] (emphasis added). Additionally, Paragraph 6 of Protective Order prescribes a procedure for challenging designations of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." [R. 33-2, pp. 55-58].

**C. Disclosure of Protected Material in Violation of the Protective Order.**

In response to discovery requests, the Debtor produced to the Committee certain highly confidential documents that were marked "CONFIDENTIAL" pursuant to the Protective Order. In January 2022, the Debtor discovered that sensitive and highly confidential information contained in documents produced to

6

#100760790v8

the Committee had been wrongfully disclosed to third parties and the media in violation of the Protective Order.  [R. 33-2, p. 344].  As a result, on January 20, 2022, the Debtor filed a sealed motion with the Bankruptcy Court entitled *Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee and/or its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order* (the "**Sealed Motion to Compel**") [R. 33-2, pp. 145-46; Bankr. 1256-1].[3]

The Bankruptcy Court, in its discretion, held sealed status conferences with counsel for the Debtor and the Committee on January 27, 2022, February 11, 2022, March 11, 2022, and April 14, 2022 to discuss the allegations raised in the Sealed Motion to Compel.  [R. 33-2, pp. 150, 223-24, 265-66].  Counsel for the Debtor and the Committee agreed as an initial matter to issue discovery to obtain information regarding a possible breach of the Protective Order and, if there was a breach, who was responsible.  [R. 33-2, p. 345].

Discovery responses received from a local school in April 2022 revealed that Mr. Trahant had contacted the principal multiple times regarding Protected Material. [R. 55, pp. 1-5, 46-49].  Shortly thereafter, on April 13, 2022, the Committee filed under seal a submission regarding the Sealed Motion to Compel.  [R. 33-2, pp. 320-

---

[3] As further explained below, pursuant to an Order dated October 11, 2022 [Bankr. 1843], the Bankruptcy Court *sua sponte* unsealed the Sealed Motion to Compel and entered a redacted copy in the record at Bankr. 1256-1.

35].  That submission included the *Declaration of Richard C. Trahant* dated April 12, 2022 (the "**Trahant Declaration**"), wherein Mr. Trahant declared that, based on documents produced to the Committee in discovery, he contacted his cousin who is the principal of the local high school regarding a priest assigned to the school.  [R. 33-2, pp. 320-35; Bankr. 1843-4, ¶¶ 1-9].[4]  Mr. Trahant also declared that he "did not provide any 'confidential' documents to or discuss the contents of any 'confidential' documents with" officials at the local high school and "did not disclose or disseminate any documents marked in any way confidential, the contents of documents, or any other information produced by the Debtor to" anyone affiliated with local newspapers.  [Bankr. 1843-4, ¶¶ 10 & 15].

### D. The UST Investigation.

On April 25, 2022, the Bankruptcy Court issued an Order (the "**April 25, 2022 Order**"), directing the UST to conduct an independent investigation.  [R. 33-2, pp. 344-46].  After reviewing the discovery responses regarding the alleged Protective Order violation, the Bankruptcy Court was

> very concerned about the possibility of intentional dissemination of highly confidential information in violation of this Court's Protective Order, as well as the timing of any such breach, and the negative impact it has on the functioning of the Committee, the rights of parties in interest in the bankruptcy process, and the ability of the

---

[4] On October 11, 2022, the Bankruptcy Court *sua sponte* unsealed the Trahant Declaration and entered a redacted copy in the record at Bankr. 1843-4.  *See* [Bankr. 1843].

#100760790v8

parties in this case to proceed in good-faith mediation of
claims asserted against the estate.

[*Id.*, p. 345].  The Bankruptcy Court ordered the UST to complete its investigation

and file "under seal" a Statement of Position on or before June 3, 2022.  [*Id.*].

On June 3, 2022, the UST submitted to the Bankruptcy Court a report under

seal, as ordered (the "**UST Report**").  [R. 33-2, p. 543; S.R. 492-4587].[5]  The UST

Report included the following attachments:

> 78 sworn declarations; 18 transcripts of sworn
> examinations provided under Rule 2004 of the Federal
> Rules of Bankruptcy Procedure; one transcript and one
> summary of two unsworn telephonic interviews; and
> numerous documents produced to the UST pursuant to
> Rule 2004, including relevant telephone and text message
> logs, electronic transaction reports, and e-mail and letter
> correspondence.

[R. 33-2, p. 546].  Among those attachments were Mr. Trahant's responses to the

UST's written discovery requests [Bankr. 1844, p. 14] and a transcript of Mr.

Trahant's sworn examination pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") [Bankr. 1843-5; S.R. 3587-878].[6]

---

[5] The UST Report and its attachments remain under seal because they are "voluminous and replete with Protected Material."  [Bankr. 1844, p. 13 n.8].

[6] On October 11, 2022, the Bankruptcy Court *sua sponte* unsealed Mr. Trahant's deposition transcript (the "**Trahant Deposition Transcript**") and entered a redacted copy in the record at Bankr. 1843-5.  *See* [Bankr. 1843].

**E. The Bankruptcy Court's June 7, 2022 Order.**

On June 7, 2022, after reviewing the UST Report and its attachments, the Bankruptcy Court entered an Order (the "**June 7, 2022 Order**"), finding, among other things, that (i) Mr. Trahant had read and was bound by the Protective Order; (ii) he knew that he was bound by the Protective Order; and (iii) beginning on December 31, 2021, he directly violated the Protective Order by providing, on multiple occasions, confidential information he received to third parties and the media. [R. 33-2, pp. 544-48]. The Bankruptcy Court also found that Mr. Trahant's breach of the Protective Order was "knowing and willful" and, therefore, "clearly disqualifie[d] him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation." [*Id.*, pp. 546-47].

As a result of those findings, the Bankruptcy Court explained, it was faced with a Hobson's choice:

> To be sure, Trahant has never served as a member of the Committee; yet, as personal counsel to individual Committee members, Trahant and his team of co-counsel received confidential information from the Debtor. The Court acknowledges that individual Committee members may retain the attorney of their choosing to represent their personal interests in this chapter 11 case and have chosen Trahant and his group. This Court certainly has no intention of invading the attorney-client privilege to modulate the communications between those Committee members and their attorneys; indeed, any attempt to regulate or stop the flow of information or candor that

10

> must exist between a client and her attorney is not only a
> futile endeavor, but would offend a fundamental facet of
> effective legal representation. Thus, an impasse has been
> reached.

[*Id.*, p. 547].  Accordingly, rather than deprive Mr. Trahant's clients of counsel of

their choice, the Bankruptcy Court directed the UST to relieve the four members of

the Committee represented by Mr. Trahant from service on the Committee.  [*Id.*, p.

548].  That same day, the UST filed a *Notice of Appointment of Reconstituted*

*Official Committee of Unsecured Creditors* [R. 33-2, p. 549], thereby removing the

four members who are individually represented by Mr. Trahant, and leaving on the

Committee the two members who are not individually represented by Mr. Trahant.[7]

On June 10, 2022, Mr. Trahant filed a Notice of Appeal of the June 7, 2022

Order [Rec. Doc. 1], thereby initiating the above-captioned appeal (this "**Appeal**").

### F.  The Show-Cause Order and the Show-Cause Hearing.

Meanwhile, on June 13, 2022, the Bankruptcy Court issued an Order to Show

Cause (the "**Show-Cause Order**"), which, among other things, directed Mr. Trahant

to appear and show cause before the Bankruptcy Court (the "**Show-Cause**

**Hearing**") as to why he should not be sanctioned for his willful violation of the

---

[7] On June 21, 2022, the UST filed another *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [R. 33-6, pp. 856-57], adding three new members to the Committee.

Protective Order and granted him access to the UST Report and all exhibits. [R. 33-2, pp. 586-88].

After Mr. Trahant had an opportunity to review the UST Report and its exhibits and submit a written response to the Show-Cause Order,[8] the Bankruptcy Court held the Show-Cause Hearing on August 22, 2022. [Bankr. 1749]. Mr. Trahant offered live testimony at that hearing and was represented by counsel. [*Id.*].

**G. The October 11, 2022 Order and October 11, 2022 Opinion.**

Pursuant to an Order entered on October 11, 2022 (the "**October 11, 2022 Order**") [Bankr. 1843], the Bankruptcy Court *sua sponte* unsealed and provided redacted copies of the following documents (collectively, the "**Redacted Record Documents**"):

  i.   The Debtor's Sealed Motion to Compel [Bankr. 1256-1];

  ii.  Transcripts of Status Conferences held on February 11, 2022, March 11, 2022, and April 14, 2022 [Bankr. 1843-1, 1843-2, & 1843-3];

  iii. The Trahant Declaration [Bankr. 1843-4];

  iv.  The Trahant Deposition Transcript [Bankr. 1843-5]; and

  v.   Transcript of Show-Cause Hearing held on August 22, 2022 [Bankr. 1752-1].[9]

---

[8] *See Richard C. Trahant's Objections to Order to Show Cause and to Impositions of Additional Sanctions* [Bankr. 1704].

[9] The Bankruptcy Court provided "redacted copies to shield Protected Material . . . and to protect persons with respect to scandalous or defamatory matter or other unlawful injury pursuant to 11 U.S.C. §§ 107(b)(2) and 107(c)." [Bankr. 1843]. Copies of the Redacted Record Documents are included in the Appendix filed in connection with this Principal Brief.

That same day, based on the record evidence, including Mr. Trahant's testimony at the Show-Cause Hearing, the Bankruptcy Court issued a Memorandum Opinion and Order (the "**October 11, 2022 Opinion**"), for the first time imposing sanctions against Mr. Trahant in the form of attorneys' fees and costs. [Bankr. 1844]. The Bankruptcy Court explained that the evidence presented at the Show-Cause Hearing not only "reconfirmed" its finding that Mr. Trahant violated the Protective Order, but also revealed that "his subsequent evasion and failure to provide information timely to counsel for the Committee and the Debtor regarding his own conduct constitute bad-faith actions which caused the Debtor, the Committee, and the UST to divert and expend resources unnecessarily to uncover information that Trahant had all along."  [*Id.*, pp. 26-27].

### H. Mr. Trahant's Second Appeal.

On October 21, 2022, Mr. Trahant filed a Notice of Appeal of the October 11, 2022 Opinion imposing sanctions [Bankr. 1873], which was docketed in this Court as Civil Action No. 22-4101 ("**Mr. Trahant's Second Appeal**"). The Bankruptcy Court subsequently approved Mr. Trahant's appeal bond and stayed the October 11, 2022 Opinion pending the resolution of Mr. Trahant's Second Appeal.  [Bankr. 1911].

13

## SUMMARY OF THE ARGUMENT

This Appeal is constitutionally moot and, therefore, must be dismissed.  In connection with this Appeal, Mr. Trahant seeks a determination that the Bankruptcy Court's June 7, 2022 Order violates the Due Process Clause because he allegedly was not afforded "notice, a hearing, properly admitted evidence, or even access to pertinent portions of the record."  [Rec. Doc. 56, pp. 10-11].  However, shortly after entry of the June 7, 2022 Order, the Bankruptcy Court issued the Show-Cause Order, which directed Mr. Trahant to appear and show cause as to why he should not be sanctioned for his willful violation of the Protective Order [R. 33-2, pp. 586-88]; held the Show-Cause Hearing, during which Mr. Trahant offered sworn testimony and was represented by counsel [Bankr. 1749]; and issued the October 11, 2022 Opinion, concluding that the evidence presented at the Show-Cause Hearing "reconfirmed" its finding that Mr. Trahant violated the Protective Order [Bankr. 1844, p. 26].  Because the Bankruptcy Court has already conducted the evidentiary hearing to which Mr. Trahant asserts he was entitled, no meaningful relief can be granted in this Appeal.

Alternatively, this Court should exercise its discretion pursuant to Bankruptcy Rule 8003(b)(2) to consolidate this Appeal with Mr. Trahant's Second Appeal, as they implicate the same fundamental issues concerning Mr. Trahant's violation of the Protective Order.

14

To the extent this Court reaches the merits, the Bankruptcy Court did not violate Mr. Trahant's right to due process of law.  The June 7, 2022 Order was not a sanction and, therefore, did not implicate due process considerations.  Importantly, the Bankruptcy Court issued the Show-Cause Order naming Mr. Trahant and held the Show-Cause Hearing before imposing sanctions in the form of attorneys' fees and costs.  Although not required, Mr. Trahant also had notice and an opportunity to defend himself before the Bankruptcy Court issued the June 7, 2022 Order.  Mr. Trahant knew for several months that he was a potential target of an investigation seeking to determine who violated the Protective Order, and he participated in the UST's investigation, producing evidence in his defense.  Finally, the Bankruptcy Court did not abuse its discretion or clearly err in finding that Mr. Trahant violated the Protective Order because that finding was supported by factual findings contained in the UST Report, as well as Mr. Trahant's own sworn statements and documents produced to the UST, and was reconfirmed by Mr. Trahant's testimony at the Show-Cause Hearing.

## ARGUMENT

### A. This Appeal Is Constitutionally Moot.

As a threshold matter, this Appeal must be dismissed because it is constitutionally moot.

> "An actual case or controversy must exist at every stage in the judicial process."  *Motient Corp. v. Dondero*, 529 F.3d

#100760790v8

> 532, 537 (5th Cir. 2008). A claim becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)).

*Garner v. Pillar Life Settlement Fund I, L.P. (In re Life Partners, Inc.)*, 708 F. App'x 831, 835 (5th Cir. 2017) (per curiam); *see also Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327, 1330 (10th Cir. 2009) ("[A]n appeal of a bankruptcy court's decision will only be constitutionally moot if the appellee demonstrates that a court could order no meaningful relief to the party seeking reversal of the bankruptcy court's decision.").

In this Appeal, Mr. Trahant challenges the Bankruptcy Court's June 7, 2022 Order "holding Mr. Trahant in contempt, disqualifying him from participating in proceedings of the Committee, imputing his alleged conduct to the Abuse Claimants, and ordering the UST to remove the Abuse Claimants from the Committee." [Rec. Doc. 56, p. 28]. Here, Mr. Trahant was not a member of the Committee and only

#100760790v8

participated in Committee business at the discretion of the Committee.[10] Considering that Mr. Trahant was never a member of the Committee, this Appeal does not request that he be reappointed to the Committee. This Appeal also does not request that Mr. Trahant's clients be reappointed to the Committee, but even if it did, such relief would not be possible. Indeed, even if this Court were to reverse the June 7, 2022 Order, there is no provision in the Bankruptcy Code that permits a bankruptcy court to order a United States trustee to appoint specific members to a committee.

The crux of this Appeal, instead, centers upon Mr. Trahant's due process argument. In this regard, Mr. Trahant seeks a determination that the Bankruptcy Court's June 7, 2022 Order finding that he violated the Protective Order violates the Due Process Clause because he allegedly was not afforded "notice, a hearing, properly admitted evidence, or even access to pertinent portions of the record." [Rec. Doc. 56, pp. 10-11]. Although Mr. Trahant's argument pre-supposes that he was entitled to a full evidentiary hearing, he overlooks that the Bankruptcy Court conducted such a hearing before imposing sanctions and determined that the evidence presented reconfirmed its initial finding that he violated the Protective Order.

---

[10] *See Notice of Appointment of Reconstituted Unsecured Creditors' Committee* [R. 33-2, pp. 44-45] naming the individual creditors to the Committee and not their attorneys.

Shortly after entry of the June 7, 2022 Order, the Bankruptcy Court issued the Show-Cause Order that, among other things, directed Mr. Trahant to appear and show cause as to why he should not be sanctioned for his willful violation of the Protective Order and granted him access to the UST Report and all exhibits. [R. 33-2, pp. 586-88]. After Mr. Trahant had an opportunity to review the UST Report and its exhibits and submit a written response to the Show-Cause Order,[11] the Bankruptcy Court held the Show-Cause Hearing. [Bankr. 1749]. Mr. Trahant offered live testimony at that hearing and was represented by counsel. [*Id.*].

Based on Mr. Trahant's testimony and the record, the Bankruptcy Court issued the October 11, 2022 Opinion, imposing sanctions against Mr. Trahant in the form of attorneys' fees and costs. [Bankr. 1844, pp. 26-29]. Critically, the Bankruptcy Court explained that "[t]he evidence presented at the show-cause hearing reconfirmed" its finding that Mr. Trahant violated the Protective Order. [*Id.*, p. 26].

Because the Bankruptcy Court has already conducted the evidentiary hearing to which Mr. Trahant contends he was entitled, no meaningful relief can be granted with respect to this Appeal. Accordingly, this Appeal is constitutionally moot and must be dismissed.

---

[11] *See Richard C. Trahant's Objections to Order to Show Cause and to Impositions of Additional Sanctions* [Bankr. 1704].

18

**B. In the Alternative, this Appeal Should Be Consolidated With Mr. Trahant's Second Appeal.**

Appeals from a bankruptcy court order are governed by Bankruptcy Rule 8003.[12]   Bankruptcy Rule 8003(b)(2), entitled "Consolidating Appeals," provides that "[w]hen parties have separately filed timely notices of appeal, the district court or BAP [Bankruptcy Appellate Panel][13] may join or consolidate the appeals." Bankruptcy Rule 8003(b)(2) governs consolidation of this Appeal and Mr. Trahant's Second Appeal (collectively, the "**Appeals**") because Mr. Trahant filed two separate Notices of Appeal.  [R. 33-2, pp. 569-71; Bankr. 1873].

Consolidation of bankruptcy appeals is appropriate "where the relevant orders being appealed from concern the same facts, involve the same or similar parties, and were issued by the same judge."  *See Buczek v. Keybank N.A.*, No. 20-1046, 2022 U.S. Dist. LEXIS 152400, *2 n.1 (W.D.N.Y. Aug. 24, 2022) (citing *U.S. Bank Nat'l Ass'n v. Windstream Holdings, Inc. (In re Windstream Holdings, Inc.)*, No. 20-4276, 2020 U.S. Dist. LEXIS 137183, *5 (S.D.N.Y. Aug. 3, 2020)).  Whether to consolidate bankruptcy appeals is within this Court's discretion. *Fryar v. Applewhite*, No. 18-51, 2018 U.S. Dist. LEXIS 125227, *2-3 (N.D. Miss. July 26,

---

[12] Additionally, the Local Rules of this Court provide that appeals of a bankruptcy judge's "judgments, orders or decrees . . . are governed by *Part VIII of the Bankruptcy Rules* (Section 8001, *et seq.*) and the applicable local rules of the district and bankruptcy courts."  Local Rule 83.4.2, entitled "Appeal to the District Court."

[13] There is no Bankruptcy Appellate Panel in the Fifth Circuit.

19

2018) (citing *In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017) ("The district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the two lawsuits . . . ."); *In re Cannonsburg Env't Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("[T]he district court did not abuse its discretion by consolidating the two appeals.")).  Consolidation, moreover, may be ordered *sua sponte*.  *See* 10 Collier on Bankruptcy ¶ 8003.09 (16th ed. 2022) ("Appeals may be consolidated by order of the district court or bankruptcy appellate panel on its own motion or on the motion of a party.").

At issue in both of the Appeals is the Bankruptcy Court's enforcement of its own Protective Order and its finding that Mr. Trahant breached that Order.  For example, the issue of whether "the June 7, 2022 Order deprived Appellant of due process of law"—the issue at the heart of this Appeal—is listed in the *Record Designations and Statement of Issues* filed in connection with Mr. Trahant's Second Appeal [Bankr. 1913, p. 3].  Because the Appeals implicate the same fundamental factual and legal issues concerning Mr. Trahant's violation of the Protective Order and involve the identical parties, this Court should exercise its discretion to consolidate the Appeals.  Permitting the Appeals to proceed separately would be antithetical to the interests of judicial economy and needlessly waste resources.

### C. The Bankruptcy Court Did Not Violate the Due Process Clause in Finding that Mr. Trahant Violated the Protective Order, Nor Did it Abuse its Discretion in Making that Finding.

If this Court reaches the merits of this Appeal, Mr. Trahant is not entitled to a finding that the Bankruptcy Court deprived him of due process of law by entering the June 7, 2022 Order or abused its discretion in finding that he violated the Protective Order.

#### a. Legal Standards.

The Bankruptcy Court has a statutory grant of authority under § 105(a) of the Bankruptcy Code "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to § 105(a), a bankruptcy court is not precluded "from, sua sponte, taking any action or making any determination necessary or appropriate **to enforce or implement court orders** or rules, **or to prevent an abuse of process**." *Id.* (emphasis added). The Fifth Circuit has held that § 105(a) empowers bankruptcy courts to issue civil contempt orders. *See Placid Refin. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609, 613 (5th Cir. 1997) (per curiam).

Additionally, "[f]ederal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted). "The Fifth Circuit has held that the

21

imposition of sanctions using § 105 as well as the inherent power of the Court must be accompanied by a specific finding of bad faith." *In re Bradley*, 495 B.R. 747, 793 (Bankr. S.D. Tex. 2013) (citing *Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008); *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999); *In re Paige*, 365 B.R. 632, 638 (Bankr. N.D. Tex. 2007)).

"The fundamental requisite of due process of law is the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). In the context of a civil contempt proceeding, a party is not denied due process if he receives "the constitutionally required notice and an opportunity to be heard before being sanctioned." *See Placid Refin.*, 108 F.3d at 613-14.

      **b. The Bankruptcy Court Issued the Show-Cause Order and Held the Show-Cause Hearing Before Imposing Sanctions; the June 7, 2022 Order Is Not a Sanction.**

Here, Mr. Trahant was not deprived of due process of law because the Bankruptcy Court issued the Show-Cause Order and held the Show-Cause Hearing before imposing sanctions against him. Mr. Trahant appears to argue that the June 7, 2022 Order imposes sanctions: (1) disqualifying him from participating in Committee proceedings, and (2) ordering the UST to remove his clients from the Committee. [Rec. Doc. 56, p. 28]. However, neither of these constitutes a sanction. Mr. Trahant's clients did not have a right to serve on the Committee, as an unsecured

creditor who is excluded from a creditors' committee "can protect its pecuniary interests in a variety of other ways." *See In re Victory Mkts., Inc.*, 195 B.R. 9, 17 (N.D.N.Y. 1996). The Bankruptcy Code, furthermore, permits the involuntary removal of members from a committee. Such a determination must be made on a case-by-case basis, and no hard and fast rules apply. *See* 7 Collier on Bankruptcy ¶ 1102.05[3] (16th ed. 2022) (citations omitted). Even more tenuous is Mr. Trahant's nonexistent right to participate in Committee proceedings as a non-member who only participated in Committee business at the discretion of the Committee. To say that Mr. Trahant was sanctioned by his clients' removal from the Committee is a gross mischaracterization of the Committee membership process.

Indeed, Mr. Trahant was not sanctioned until the Bankruptcy Court issued the October 11, 2022 Opinion, assessing attorneys' fees and costs against him

> pursuant to Rule 37, its inherent authority, and § 105 of the Bankruptcy Code . . . to serve as a deterrent for any attorney or law firm who might be tempted to violate the Court's discovery orders, but also to preserve the integrity of the bankruptcy process and protect it from abuse.

[Bankr. 1844, p. 27]. As discussed above, the October 11, 2022 Opinion was issued only ***after*** the Bankruptcy Court performed the following steps:

- issued the Show-Cause Order that, among other things, directed Mr. Trahant to appear and show cause as to why he should not be sanctioned for his willful violation of the Protective Order and granted him access to the UST Report and all exhibits;

- afforded Mr. Trahant an opportunity to respond in writing to the Show-Cause Order;

- held the Show-Cause Hearing, during which Mr. Trahant offered sworn testimony and was represented by counsel; and

- concluded that the evidence presented at the Show-Cause Hearing reconfirmed its finding that Mr. Trahant violated the Protective Order.

*See supra* Argument, § A.

Mr. Trahant's civil contempt proceeding, therefore, is readily distinguishable from the cases cited in his brief where district court orders imposing sanctions were vacated. In *Goldin v. Bartholow*, the Fifth Circuit reversed a district court order requiring a trustee to personally pay certain trust expenses because there was "nothing in the record which would give any notice to [the trustee] that he might be held *personally* liable as a sanction for his conduct." 166 F.3d 710, 722-23 (5th Cir. 1999) (emphasis in original).

Similarly, in *Waste Management of Washington, Inc. v. Kattler,* the Fifth Circuit vacated a district court's contempt finding and imposition of sanctions as to an attorney where the court issued notice of a show-cause hearing that referred only to the attorney's client. 776 F.3d 336, 337-41 (5th Cir. 2015). There, the district court's contempt finding was made contemporaneously with the imposition of monetary sanctions. *See Waste Mgmt. of Wash., Inc. v. Kattler*, No. 12-3454, 2013 U.S. Dist. LEXIS 190163, *18 (S.D. Tex. Mar. 28, 2013), *vacated*, 76 F.3d 336 (5th Cir. 2015); *see also Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d

24

437, 442, 451, 455-57 (5th Cir. 2015) (vacating district court's finding of contempt as to an attorney who was simultaneously found in contempt and ordered incarcerated); *McGuire v. Sigma Coatings, Inc.,* 48 F.3d 902, 906-08 (5th Cir. 1995) (vacating for lack of personal jurisdiction district court order imposing sanctions on defendant's in-house counsel where the court "had not issued a show cause or similar order or process that would have put [the attorney] on notice that ***sanctions*** were being considered against him personally") (emphasis added).

Here, on the other hand, Mr. Trahant was not sanctioned until after the Bankruptcy Court issued the Show-Cause Order naming Mr. Trahant and held the Show-Cause Hearing, during which he offered evidence in the form of live testimony and was represented by counsel.

### c. Alternatively, Mr. Trahant Received Notice and an Opportunity to Defend Himself Before the June 7, 2022 Order Was Entered.

Although not constitutionally required for the reasons discussed above, Mr. Trahant had notice and an opportunity to defend himself before the Bankruptcy Court made its initial finding that he violated the Protective Order. As detailed below, as of June 7, 2022, Mr. Trahant had been on notice for more than three months that he was a potential target of an investigation seeking to determine who violated the Protective Order, and he participated in the UST's investigation, producing evidence in his defense.

- On January 20, 2022, the Debtor filed the Sealed Motion to Compel [R. 33-2, pp. 145-46; Bankr. 1256-1].  Although it was sealed at that time, the title of the Sealed Motion to Compel put Mr. Trahant on notice that the Debtor alleged a violation of the Protective Order and sought to compel the Committee and/or its counsel to answer questions.

- On February 22, 2022, a *Motion to Participate in Discovery* was filed under seal on behalf of the Committee members and their attorneys, including Mr. Trahant. [R. 33-2, pp. 241-46; S.R. 154-64].  Accordingly, as of February 22, 2022 at the latest, Mr. Trahant had notice that he was a potential target of the Sealed Motion to Compel.

- Two months later, Mr. Trahant offered the Trahant Declaration dated April 12, 2022, declaring, among other things, that he contacted his cousin, the principal of a local high school, regarding Protected Material that he received in his role as counsel to Committee members.  [Bankr. 1843-4, ¶¶ 1-9].

- The Bankruptcy Court's April 25, 2022 Order directing the UST to conduct an independent investigation further put Mr. Trahant on notice that the Bankruptcy Court was "very concerned about the possibility of intentional dissemination of highly confidential information in violation of th[e] Court's Protective Order."  [R. 33-2, pp. 344-46].

- The Debtor withdrew the Sealed Motion to Compel the following day—not because the investigation of the Protective Order violation was complete, but rather, because the UST had taken over the investigation.  [R. 33-2, pp. 347-48].

- Thereafter, Mr. Trahant participated in the UST's investigation, submitting written responses to the UST's discovery requests and sitting for a deposition pursuant to Bankruptcy Rule 2004.  [Bankr. 1844, pp. 14-16; Bankr. 1843-5; S.R. 3587-878].

Based in large part on a review of Mr. Trahant's own testimony offered in connection with the UST's investigation, the Bankruptcy Court issued the June 7, 2022 Order, finding that Mr. Trahant had knowingly and willfully violated the

Protective Order. [R. 33-2, p. 546]. In the October 11, 2022 Opinion, the Bankruptcy Court reiterated that its finding in the June 7, 2022 Order was based "primarily upon the factual findings contained in the UST Report—**and in no small part upon Trahant's own sworn statements and the e-mails and text messages that he himself produced to the UST**." [Bankr. 1844, p. 26] (emphasis added). As the Bankruptcy Court explained, Mr. Trahant's deposition testimony revealed that he exchanged "text messages and telephone calls with his cousin on December 31, 2021, and January 3–4, 2022, in which he disclosed the nature of allegations against the priest that he learned through his receipt of confidential documents produced by the Debtor;" the testimony also revealed that Mr. Trahant contacted a reporter with the intent that an article would be published about the priest and the Archdiocese. [*Id.*, pp. 15-16].

Mr. Trahant's sworn testimony at the Show-Cause Hearing "reconfirmed" the Bankruptcy Court's finding that he violated the Protective Order. [*Id.*, p. 26]. Significantly, Mr. Trahant conceded that he disclosed the priest's name and the alleged abuse allegations to his cousin and a reporter to "plant a seed" in the hopes that the information would "be exposed." [*See id.*, pp. 20-21]. Along the way, the Bankruptcy Court "heard equivocation, deflection, and inconsistency in Trahant's answers" and found that "his answers d[id] not comport with the record and the

27

timeline of events in this case or the actions taken by Committee counsel in investigating the breach."  [*Id.*, p. 22].

Ultimately, the Bankruptcy Court concluded that Mr. Trahant's violation of the Protective Order and subsequent choice to obfuscate his actions warranted a finding of bad faith:

> Trahant's testimony and the record in this case presents clear and convincing evidence that, even though a Protective Order was in place governing the confidential information produced by the Debtor and Trahant was bound by that Protective Order, he nevertheless took confidential information he received through his affiliation with the Committee and used it for his own purposes—not one for which it was intended or protected.
>
> But Trahant's testimony at the show-cause hearing and the record in this case further reveal that his actions created waste, disrupted the progress in this case, and delayed resolution of this particular matter for months.  Trahant not only disobeyed this Court's Protective Order, but his subsequent evasion and failure to provide information timely to counsel for the Committee and the Debtor regarding his own conduct constitute bad-faith actions which caused the Debtor, the Committee, and the UST to divert and expend resources unnecessarily to uncover information that Trahant had all along.

[*Id.*, pp. 26-27].

Under these circumstances, the Bankruptcy Court did not violate the Due Process Clause in finding that Mr. Trahant violated the Protective Order, nor did it abuse its discretion or clearly err in making that finding.

28

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court dismiss the above-captioned appeal or, in the alternative, affirm the June 7, 2022 Order.

Dated: November 30, 2022          Respectfully submitted,

/s/ Mark A. Mintz
MARK A. MINTZ (#31878)
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
EDWARD D. WEGMANN (#13315)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8368
Email: mmintz@joneswalker.com
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: dwegmann@joneswalker.com

***Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans***

## CERTIFICATE OF SERVICE

I hereby certify on November 30, 2022 that a true and correct copy of the foregoing Principal Brief, as well as the accompanying Appendix, has been served on all counsel of record by operation of the Court's electronic filing system.

/s/ Mark A. Mintz
MARK A. MINTZ

29

## CERTIFICATE OF COMPLIANCE

1.   This document complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B)(i) because it contains 6,840 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g); and

2.   This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: November 30, 2022         */s/ Mark A. Mintz*
                                             MARK A. MINTZ (#31878)
                                             Jones Walker LLP
                                             201 St. Charles Avenue, 51st Floor
                                             New Orleans, LA 70170
                                             Telephone: (504) 582-8368

                                             ***Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans***

#100760790v8