# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 20-10846 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | Section "A" |
| | Chapter 11 |
| Debtor. | |
| RICHARD C. TRAHANT, | Civil Action No. 22-1740 |
| Appellant, | Section "T-5" |
| VERSUS | Judge Greg G. Guidry |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, et al., | Magistrate Judge Michael B. North |
| Appellees. | |

## OPPOSITION OF THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS TO APPELLANT'S MOTION TO STRIKE APPELLEE BRIEF AND APPENDIX

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**," "**Archdiocese**," or "**Appellee**"), who respectfully files this opposition (this "**Opposition**") to the *Motion to Strike Appellee Brief and Appendix* (the "**Motion to Strike**") [R. Doc. 63], filed by Richard C. Trahant ("**Mr. Trahant**" or "**Appellant**") in the above-captioned appeal (this "**Appeal**").

This is an appeal from the Bankruptcy Court's preliminary June 7, 2022 Order: (i) finding that Mr. Trahant, counsel to four of six claimants who served on the Official Committee of Unsecured Creditors (the "**Committee**") at that time, knowingly and willfully violated the Bankruptcy Court's Protective Order; (ii) directing the Office of the United States Trustee to relieve Mr. Trahant's clients from service on the Committee; and (iii) stating that it would issue a

#100831236v5

separate Order to Show Cause to determine appropriate sanctions. [R. 33-2, pp. 544-48]. The Bankruptcy Court subsequently issued an Order to Show Cause on June 13, 2022 [R. 33-2, pp. 586-88], conducted a Show-Cause Hearing on August 22, 2022 [R. Doc. 59-1, pp. 26-88], and entered a Memorandum Opinion and Order (the "**October 11, 2022 Opinion**") which *for the first time imposed sanctions against Mr. Trahant* in the form of attorneys' fees and costs [R. Doc. 59-3, pp. 1-31].

Although Mr. Trahant has also appealed the October 11, 2022 Opinion[1]—which relates directly to this Appeal—he embraces the absurd position that the Appeals have nothing to do with one another and should be bifurcated. As further detailed below, this Court should exercise its discretion to supplement the appellate record, consolidate this Appeal with Mr. Trahant's Second Appeal, or take judicial notice of the documents cited in the appendix to the Archdiocese's brief. However, to the extent this Court declines to consider those record documents, it should pursue the least drastic path and strike only certain portions of the Archdiocese's brief.

**A. This Court Should Exercise its Discretion to Supplement the Appellate Record or, in the Alternative, Consolidate this Appeal with Mr. Trahant's Second Appeal.**

In support of the Motion to Strike, Mr. Trahant asks this Court to strike the Archdiocese's appellee brief and appendix [R. Doc. 59] on the grounds that "the entire appendix is irrelevant and immaterial" to this Appeal, and the Archdiocese's brief relies upon materials contained in that appendix. [R. Doc. 63-1, pp. 1-2]. Contrary to Mr. Trahant's assertions, the documents contained in the appendix [R. Docs. 59-1, 59-2, & 59-3] consist of the following documents entered into the

---

[1] On October 21, 2022, Mr. Trahant filed a Notice of Appeal of the October 11, 2022 Opinion, which was docketed in this Court as Civil Action No. 22-4101 ("**Mr. Trahant's Second Appeal**" and together with this Appeal, the "**Appeals**"). The record on appeal in connection with Mr. Trahant's Second Appeal was lodged with this Court on December 6, 2022. *See* Notice of Docketing of Complete Record on Appeal, Civil Action No. 22-4101 [R. Doc. 2].

Bankruptcy Court's record after the parties' record designations were filed that relate directly to the issues on appeal (collectively, the "**Supplemental Record Documents**"):[2]

1. Redacted copy of Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee and/or its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order filed January 20, 2022 and unsealed/redacted October 11, 2022 [Bankr. 1256-1][3]

2. Richard C. Trahant's Objections to Order to Show Cause and to Impositions of Additional Sanctions filed August 8, 2022 [Bankr. 1704]

3. Order entered August 23, 2022 [Bankr. 1749]

4. Redacted copy of Transcript of Show-Cause Hearing held August 22, 2022 [Bankr. 1752-1]

5. Order entered October 11, 2022 [Bankr. 1843], including redacted copies of: Transcripts of Status Conferences held on February 11, 2022, March 11, 2022, and April 14, 2022 [Bankr. 1843-1, 1843-2, & 1843-3];[4] the Trahant Declaration [Bankr. 1843-4];[5] and the Trahant Deposition Transcript [Bankr. 1843-5][6]

6. Memorandum Opinion and Order entered October 11, 2022 [Bankr. 1844]

7. Notice of Appeal on Behalf of Richard Trahant filed October 21, 2022 [Bankr. 1873]

8. Order entered November 2, 2022 [Bankr. 1911]

---

[2] Pursuant to an Order entered on October 11, 2022 (the "**October 11, 2022 Order**") [R. Doc. 59-2, pp. 1-3], the Bankruptcy Court *sua sponte* unsealed and provided redacted copies of certain documents. Certain of the Supplemental Record Documents consist of unsealed, redacted versions of documents already included in the appellate record of this Appeal in sealed, unredacted form.

[3] A sealed, unredacted version of the Debtor's Sealed Motion to Compel is included in the sealed record on appeal. *See* S.R. 18-26.

[4] Sealed, unredacted versions of the transcripts of status conferences held on February 11, 2022 and March 11, 2022 are included in the sealed record on appeal. *See* S.R. 4590-651; S.R. 4652-91. An unsealed, redacted version of the transcript of status conference held on April 14, 2022 is included in the public record on appeal. *See* R. 55.

[5] A sealed, unredacted version of the Trahant Declaration is included in the sealed record on appeal. *See* S.R. 205-08.

[6] A sealed, unredacted version of the Trahant Deposition Transcript is included in the sealed record on appeal. *See* S.R. 3587-878.

9. Record Designations and Statement of Issues filed November 3, 2022 [Bankr. 1913]

Appeals from bankruptcy court orders are governed by 28 U.S.C. § 158. Under § 158(a), district courts "have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from [certain] interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). As set forth in the Archdiocese's brief [R. Doc. 59, p. 9], the June 7, 2022 Order giving rise to this Appeal was interlocutory when entered because the Bankruptcy Court had not yet imposed sanctions.[7] Because Mr. Trahant did not seek leave to appeal, this Court lacked jurisdiction. However, upon entry of the October 11, 2022 Opinion imposing sanctions in the form of attorneys' fees and costs, the June 7, 2022 Order became final, and this Court obtained jurisdiction over this Appeal pursuant to 28 U.S.C. § 158(a)(3).

In its August 23, 2022 Order [R. Doc. 32], this Court denied the *Archdiocese's Motion to Dismiss Appeal* [R. Doc. 26], finding merely that "the Bankruptcy Court's Order and Mr. Trahant's removal ***appear to satisfy*** the finality and contempt elements required for this appeal to proceed

---

[7] "It is well-settled that a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed . . . . The requirement of finality is no different when it is the bankruptcy court (rather than the district court) which has failed to assess damages." *U.S. Abatement Corp. v. Mobil Expl. & Producing U.S. (In re U.S. Abatement Corp.)*, 39 F.3d 563, 567 (5th Cir. 1994) (internal citations omitted). The Fifth Circuit has explained:

> Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater. The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must . . . be the same as the rule under [28 U.S.C.] § 1291.

*Id.* (quoting *In re Morrell*, 880 F.2d 855, 856-57 (5th Cir. 1987)).

forward."[8] Moreover, the Bankruptcy Court's subsequent findings and imposition of sanctions in the October 11, 2022 Opinion confirm that the June 7, 2022 Order preliminarily finding that Mr. Trahant violated the Protective Order was not final for purposes of appeal. This Court's consideration of the October 11, 2022 Opinion, therefore, is critical to a finding that this Court may exercise jurisdiction over this Appeal.[9]

The balance of the Supplemental Record Documents also are directly relevant to this Appeal. As discussed above, certain of those documents already are included in the sealed record on appeal in unredacted form. *See supra* notes 2-6 and accompanying text. Other Supplemental Record Documents pertain to the Show-Cause Hearing, which this Court declined to stay in an Order dated August 9, 2022 [R. Doc. 31]. In denying Mr. Trahant's *Motion for Emergency Stay of Sanctions Hearing in Bankruptcy Court Pending Appeal of Contempt Order* [R. Doc. 12], this Court found that Mr. Trahant had not shown a likelihood of success because he would "be afforded due process by way of the hearing." [R. Doc. 31, p. 5]. This Court also noted that "any action taken against Mr. Trahant at the hearing will leave him with a clear legal remedy: an appeal." [*Id.*]. By asking this Court to overturn the Bankruptcy Court's ***preliminary*** ruling without considering any subsequent circumstances or findings,[10] in effect, Mr. Trahant is attempting to render the October 11, 2022 Opinion non-appealable.

---

[8] Emphasis added.

[9] Although the Fifth Circuit generally "will not [] enlarge the record to include material not before the district court," appellate courts have "discretion to do so for situations in which resolution of the underlying . . . 'issue is not in doubt' and when declining to do so would be 'contrary to both the interests of justice and the efficient use of judicial resources.'" *United States ex rel. Jamison v. Del-Jen, Inc.,* 747 F. App'x 216, 219 (5th Cir. 2018) (internal citations omitted).

[10] Here, the Archdiocese is not attempting to change the substance of the proceedings before the Bankruptcy Court or requesting that the Bankruptcy Court issue new substantive findings. *Cf. United States v. Page,* 661 F.2d 1080, 1082 (5th Cir. 1981); *United States v. Smith,* 493 F.2d 906 (5th Cir. 1974) (per

5

On his quest to keep from this Court critical information that is directly relevant to this Appeal, Mr. Trahant argues that "the entire appendix is irrelevant and immaterial because it contains material that was not before the Bankruptcy Court prior to or at the time of the June 7, 2022 Order." [R. Doc. 63-1, pp. 1-2]. He also complains that "none of the contents of the Archdiocese's appendix even existed at the time of the June 7, 2022 Order." [*Id.*, p. 2]. In so arguing, Mr. Trahant conveniently ignores that he included the Order to Show Cause in his Record Designations and Statement of Issues[11] and the appendix to his brief,[12] even though the Bankruptcy Court entered such order ***after*** the June 7, 2022 Order was entered. Thus, Mr. Trahant failed to comply with the rule he now endorses for the Archdiocese.

In a similar vein, Mr. Trahant's contention that the materials in the Archdiocese's appendix "severely prejudice" him[13] amounts to an admission that those documents are directly relevant to this Appeal, although he would prefer that this Court disregard them. Such procedural gamesmanship illustrates why this Court should exercise its discretion to supplement the appellate record or, in the alternative, consolidate the Appeals.[14]

---

curiam). Rather, the Archdiocese seeks to conform the record on appeal to what ***did happen*** before the Bankruptcy Court.

[11] *See* R. 33-1, p. 4.

[12] *See* R. Doc. 56-1, pp. 3, 129-31.

[13] *See* R. Doc. 63-1, p. 6.

[14] As set forth in the Archdiocese's brief, Bankruptcy Rule 8003(b)(2), entitled "Consolidating Appeals," provides that "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals." Bankruptcy Rule 8003(b)(2) governs consolidation of this Appeal and Mr. Trahant's Second Appeal because Mr. Trahant filed two separate Notices of Appeal.

Consolidation of bankruptcy appeals is appropriate "where the relevant orders being appealed from concern the same facts, involve the same or similar parties, and were issued by the same judge." *See Buczek v. Keybank N.A.*, No. 20-1046, 2022 U.S. Dist. LEXIS 152400, *2 n.1 (W.D.N.Y. Aug. 24, 2022) (citing *U.S. Bank Nat'l Ass'n v. Windstream Holdings, Inc. (In re Windstream Holdings, Inc.)*, No. 20-4276, 2020 U.S. Dist. LEXIS 137183, *5 (S.D.N.Y. Aug. 3, 2020)). Whether to consolidate bankruptcy appeals is

#100831236v5

**B. This Court May Take Judicial Notice of the Supplemental Record Documents.**

If this Court declines to consolidate the Appeals or otherwise order that the appellate record of this Appeal be supplemented, the Debtor submits that the Court nevertheless may take judicial notice of the Supplemental Record Documents. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 n.3 (5th Cir. 1997) ("Although the pleadings in this subsequent lawsuit are not part of the record on appeal in the instant case, we may take judicial notice of pending judicial proceedings."); *see also Landy v. Fed. Deposit Ins. Corp.,* 486 F.2d 139, 151 (3d Cir. 1973) ("Judicial notice is frequently taken, of course, of developments not of record subsequent to a lower court decision in the application of the mootness doctrine by appellate courts.").

**C. If this Court Refuses to Consider the Supplemental Record Documents, it Should Strike Only Certain Portions of the Archdiocese's Brief.**

A motion to strike is a "drastic remedy" that is "disfavored" and should be used "sparingly." *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La.

---

within this Court's discretion. *Fryar v. Applewhite*, No. 18-51, 2018 U.S. Dist. LEXIS 125227, *2-3 (N.D. Miss. July 26, 2018) (citing *In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017) ("The district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the two lawsuits . . . ."); *In re Cannonsburg Env't Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("[T]he district court did not abuse its discretion by consolidating the two appeals.")). Consolidation, moreover, may be ordered *sua sponte*. *See* 10 Collier on Bankruptcy ¶ 8003.09 (16th ed. 2022) ("Appeals may be consolidated by order of the district court or bankruptcy appellate panel on its own motion or on the motion of a party.").

At issue in both of the Appeals is the Bankruptcy Court's enforcement of its own Protective Order and its finding that Mr. Trahant breached that Order. For example, the issue of whether "the June 7, 2022 Order deprived Appellant of due process of law"—the issue at the heart of this Appeal—is listed in the Record Designations and Statement of Issues filed in connection with Mr. Trahant's Second Appeal. *See* Record Designations and Statement of Issues, Civil Action No. 22-4101 [R. Doc. 2-12, p. 3]. Because the Appeals implicate the same fundamental factual and legal issues concerning Mr. Trahant's violation of the Protective Order and involve the identical parties, this Court should exercise its discretion to consolidate the Appeals.

#100831236v5

2010)). Even where a court has the authority to strike an appellate brief, it should choose "a less drastic course." *See Nicoladze v. Lawler*, 86 B.R. 69, 73 (N.D. Tex. 1988).

For example, in *Washington v. City of Gulfport*, 351 F. App'x 916, 919 (5th Cir. 2009), the Fifth Circuit granted a motion to strike the appellant's record excerpts but declined to strike the appellant's brief for referring to matters outside the record. Similarly, in *Muckleroy v. OPI Int'l, Inc.*, No. 93-7696, 1994 U.S. App. LEXIS 42457, *7 n. 9 (5th Cir. Dec. 2, 1994), the Fifth Circuit granted a motion to strike ***portions*** of a brief and its attachments.

Here, if this Court refuses to consider the Supplemental Record Documents, the Court should strike only those portions of the brief citing Supplemental Record Documents that are not otherwise included in the record on appeal. To strike the Archdiocese's entire brief would be unfair and an abuse of this Court's discretion.

WHEREFORE, the Archdiocese prays that this Court deny the Motion to Strike and grant the Archdiocese all other relief to which it may be entitled at law and in equity.

Dated: December 27, 2022  Respectfully submitted,

/s/ Mark A. Mintz
MARK A. MINTZ (#31878)
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
EDWARD D. WEGMANN (#13315)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8368
Email: mmintz@joneswalker.com
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: dwegmann@joneswalker.com

***Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans***

8
#100831236v5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 27, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which provides notice of filing to all counsel of record by electronic means.

*/s/ Mark A. Mintz*
Mark A. Mintz