# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|   |   |
|---|---|
| * | |
| * | CASE NO. 22-1740 |
| * | |
| IN RE ROMAN CATHOLIC CHURCH * | SECT. "T", JUDGE GUIDRY |
| OF THE ARCHDIOCESE OF NEW * | |
| ORLEANS * | MAG. DIV. 3, MAG. JUDGE |
| * | DOUGLAS |
| * | |

## APPELLANT'S MEMORANDUM IN OPPOSITION
## TO DEBTOR IN BANKRUPTCY'S
## MOTION TO SUPPLEMENT THE APPELLATE RECORD

**MAY IT PLEASE THE COURT:**

Appellant Richard C. Trahant, through undersigned counsel, respectfully submits this

memorandum in opposition to the "Motion to Supplement the Appellate Record" (R. Doc. 60) that

the debtor in bankruptcy, The Roman Catholic Church of the Archdiocese of New Orleans (the

"Archdiocese"), filed on the same day its appellee brief and appendix became due on November 30,

2022 (R. Docs. 47, 59), in this appeal from a final Order of the Bankruptcy Court dated June 7, 2022

(R. 33-2 pp. 544-48).[1]

In the motion to supplement, the Archdiocese "seeks to supplement the record with certain

documents *entered* into the record of the U.S. Bankruptcy Court for the Eastern District of Louisiana

---

[1] On December 5, 2022, Mr. Trahant filed a "Motion to Strike Appellee Brief and Appendix" against the Archdiocese "on the grounds that nothing contained in the appendix is part of the record on appeal or was omitted from the record by error or accident, that the entire appendix is irrelevant and immaterial, and that the entire brief exploits the material contained in the appendix to appellant's prejudice ..." (R. Doc. 63). On cross-motions for expedited consideration (R. Docs. 61, 64), this Court reset the submission dates for both the motion to supplement and the motion to strike for January 4, 2023, and continued the deadline for Mr. Trahant to file his reply brief to be reset "upon the Court's ruling on the Motion to Supplement and Motion to Strike" (R. Doc. 65).

-1-

*after* the parties' record designations were filed ..." (R. Doc. 60 p. 1) (emphasis added). The Archdiocese thus acknowledges that none of the documents it seeks to add to the appellate record even existed in the record at the time the Bankruptcy Court rendered the June 7, 2022 Order being appealed, but were entered in the Bankruptcy Court record only *after* the parties filed record designations in connection with this appeal on June 21, 2022, July 20, 2022, and August 3, 2022 (R. 33-1 pp. 2-22, 33-4 pp. 1-6, 33-5 pp. 1-5). Specifically, the Archdiocese seeks to add the following documents to the appellate record:

-- objections filed on August 8, 2022 (R. Doc. 59-1 pp. 15-25);

-- a redacted transcript of a hearing held on August 22, 2022 (R. Doc. 59-1 pp. 29-88);

-- Orders entered on August 23, 2022, October 11, 2022, and November 2, 2022 (R. Doc. 59-1 pp. 26-28; R. Doc. 59-2 pp. 1-3; R. Doc. 59-3 pp. 36-37);

-- unsealed and redacted attachments to the October 11, 2022 Order (R. Doc. 59-2 pp. 4-313);

-- a redacted copy of a motion that was first unsealed and redacted pursuant to the October 11, 2022 Order (R. Doc. 59-1 pp. 3-14);

-- a Memorandum Opinion and Order dated October 11, 2022 (R. Doc. 59-3 pp. 1-31);

-- a notice of appeal filed on October 21, 2022 in connection with a different appeal (R. Doc. 59-3 pp. 32-35); and

-- record designations filed on November 3, 2022 in connection with a different appeal (R. Doc. 59-3 pp. 38-79).

(R. Docs. 59-1, 59-2, 59-3, 60-1 p. 2).

As the disputed documents were not before the Bankruptcy Court at the time it rendered the June 7, 2022 Order, they are immaterial and irrelevant to the issues on appeal, and are properly omitted from the appellate record. In addition, the Archdiocese waited until the day its appellee brief

and appendix became due to file its motion to supplement the record with the same extraneous, disputed documents that comprise its appendix and that it cites, quotes, discusses, and relies on almost exclusively throughout its appellee brief (R. Docs. 47, 59, 60). The motion to supplement therefore is improper, untimely, and highly prejudicial to Mr. Trahant, who timely filed his principal appellant brief more than a month prior to that with citations, arguments, and an appendix properly limited to the record on appeal (R. Doc. 56).

> **1.** **The disputed documents are immaterial and irrelevant to the issues on appeal.**

In support of the motion to supplement, the Archdiocese cites Fed. R. Civ. P. 8009(e)(3), which provides in context:

(e) Correcting or Modifying the Record.

(1) Submitting to the Bankruptcy Court. If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

(2) Correcting in Other Ways. If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:

(A) on stipulation of the parties;

(B) by the bankruptcy court before or after the record has been forwarded; or

(C) by the court where the appeal is pending.

(3) Remaining Questions. All other questions as to the form and content of the record must be presented to the court where the appeal is pending....

Fed. R. Bankr. P. 8009(e). According to the Advisory Committee Notes, Rule 8009(e) is "modeled

on F.R.App.P. 10(e)" and "provides a procedure for correcting the record on appeal if an item is

improperly designated, omitted, or misstated." Fed. R. Bankr. P. 8009, Committee Notes on

Rules–2014. Jurisprudence applying Rule 10(e) therefore is instructive in a case governed by Rule

8009(e).[2] *See Balke v. Carmichael*, 2019 WL 13191287, p. 7 (S.D. Tex. 2019) ("The Advisory

Committee's Notes explains that Rule 8009(e) tracks Federal Rule of Appellate Procedure 10(e) ...")

(citing *In re SI Restructuring Inc.*, 480 Fed.Appx. 327, 328 (5th Cir.2012)).

"A court of appeals will not ordinarily enlarge the record on appeal to include material not

before the district court." *Kemlon Prod. And Dev. Co. v. U.S.*, 646 F.2d 223, 224 (5th Cir. 1981).

Rule 10(e) therefore "does not empower a district court to ... make new findings of fact after

---

[2] Rule 10(e) provides:

(e) Correction or Modification of the Record.

    (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

    (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

        (A) on stipulation of the parties;

        (B) by the district court before or after the record has been forwarded; or

        (C) by the court of appeals.

    (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e)

docketing of the appeal in the court of appeals.... Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not." *U.S. v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974). The Court further explained:

> The distinction to be made is a tolerably fine one, but real: What in fact went on below may be settled and placed of record pursuant to Rule 10(e) and whatever proceedings are necessary to that end are permissible. New proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule.

*U.S. v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981).

Thus, in *Worldwide Detective Agency, Inc. v. Cannon Cochran Management Services, Inc.*, 622 Fed.Appx. 383, 387 (5th Cir. 2015), the Court denied a motion to supplement a record on appeal with material "from a related, pending case," finding "It was produced after the district court issued its ruling in the current case, and amounts to a new factual basis for claims already decided by the district court." The Court reasoned that because the material did not exist at the time of the district court's ruling, the mover "cannot demonstrate that the evidence was omitted from the appellate record by error or accident. Additionally, the new evidence is immaterial." *Id. See also United States ex rel. Jamison v. Del-Jen, Inc.*, 747 Fed.Appx. 216, 219 (5th Cir. 2018) (finding document that "was not before the district court ... is irrelevant to the issue on appeal ..."); *Thomas v. Lodge No. 2461 Etc.*, 348 F.Supp.2d 708, 712-13 (E.D. Va. 2004) ("The defendants have not cited, nor has the Court found, a decision supplementing the record that was not available to the district court because it did not exist").[3]

---

[3] *See also Daly-Murphy v. Winston*, 820 F2d 1470, 1473 (9th Cir. 1987) (An appellate court will not supplement the record on appeal with an item that was not considered by the trial court); *In re Davis*, 169 B.R. 285, 293 (E.D.N.Y. 1994) (On appeal from an order of the bankruptcy court, the district court should not consider any evidence not before the bankruptcy court at the original

(continued...)

In this case, none of the documents the Archdiocese seeks to add to the appellate record were before the Bankruptcy Court prior to or at the time the Court issued the June 7, 2022 Order appealed herein, so they are immaterial and irrelevant to the issue of "what occurred in the bankruptcy court" at such times. Fed. R. Bankr. P. 8009(e). On the contrary, all of the documents were produced after the Bankruptcy Court issued the June 7, 2022 Order, in proceedings of a substantive nature that were designed to supply what might have been done but was not, amounting to a new factual basis for allegations already decided by the Bankruptcy Court in the June 7, 2022 Order. The disputed documents therefore are immaterial and irrelevant to any issue on appeal, and the Archdiocese cannot demonstrate that the documents were omitted from the appellate record by error or accident as required to carry its burden to supplement the appellate record with them.

## 2.  *The motion to supplement is untimely and prejudicial to Mr. Trahant.*

In addition and in the alternative, even if it were permissible to supplement the appellate record with documents entered in substantive post-appeal proceedings, the Archdiocese's motion to supplement is untimely and prejudicial to Mr. Trahant. In similar circumstances, the District Court in *Marshall v. Gurley*, 2018 WL 4599576 (E.D. Tex. 2018), denied a motion to supplement the appellate record, and granted a motion to strike the supplemental record, in a bankruptcy appeal in pertinent part as follows:

> Appellee seeks to strike the Supplemental Record because (1) it was not designated as part of the appellate record; (2) inclusion of the Supplemental Record is unduly

---

³(...continued)
hearing); *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 474 (E.D. Tex. 1993) (A district court, acting as an appellate court in a bankruptcy case, may only consider evidence that was before the bankruptcy court and made part of the record); *In re Bartlett*, 9 B.R. 14 (E.D.N.C. 1988) (same); *In re Barrick Group, Inc.*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989) (An item that was not considered by the bankruptcy court in reaching its decision should be stricken from the record on appeal).

prejudicial to Appellee, who completed briefing based on the designated record on appeal; (3) Appellants never obtained leave to supplement the record with the Supplemental Record, so Appellee was never able to raise objections based on Rule 8009(e); and (4) the Supplemental Record is not material in this appeal.

Although Appellants had the burden of providing an adequate record to review their claims on appeal, they did not file the Supplemental Record, a motion for leave to supplement the record, or otherwise indicate that the record was incomplete until several weeks after Appellee filed his Appellee's brief. After reviewing the documents purporting to designate the Supplemental Record and the record on appeal, the court finds that Appellants did not designate the Supplemental Record and that it was not considered by the bankruptcy court in the matters before the court.... Therefore, the Supplemental Record is not material and cannot be supplemented under Rule 8009(e).

*Id.* at pp. 1-2 (citation omitted).

Here, the Archdiocese's motion to supplement the record is untimely because all but one of the documents the Archdiocese seeks to add to the appellate record were entered in the record of the Bankruptcy Court weeks or months before Mr. Trahant's principal appellant brief and appendix became due on October 31, 2022,[4] yet the Archdiocese did not file its motion to supplement the appellate record with those documents until November 30, 2022 (R. Doc. 60). Worse, the Archdiocese filed an appellee brief citing, quoting, discussing, and relying on the disputed documents almost exclusively throughout, and filed an appendix comprised entirely of the disputed documents, without court authority to file or brief those documents on the same day it filed the motion to supplement (R. Doc. 59).

Granting the Archdiocese's motion to supplement also would prejudice Mr. Trahant because he timely filed his principal appellant brief on October 31, 2022 with citations, arguments, and an

---

[4] The only proposed supplement to the appellate record entered after Mr. Trahant's principal appellant brief and appendix became due on October 31, 2022 was the record designations filed on November 3, 2022 in connection with a different appeal (R. Doc. 59-3 pp. 38-79).

appendix properly limited to the record on appeal (R. Doc. 56), and because his reply brief would have become due on December 14, 2022 but for this Court's suspension of that deadline pending the Court's rulings on the motion to supplement and on Mr. Trahant's motion to strike the Archdiocese's appellee brief and appendix as a result of the Archdiocese's unauthorized attempt to expand the appellate record (R. Doc. 65). But even with the suspension of the reply brief deadline, Mr. Trahant would be prejudiced by supplementation of the record because the disputed documents were not contained in the appellate record when he prepared and filed his principal appellant brief.

## *Conclusion*

For these reasons, Mr. Trahant respectfully prays that the Court deny the Archdiocese's motion to supplement the appellate record (R. Doc. 60).

**RESPECTFULLY SUBMITTED,**

**RICHARD C. TRAHANT (# 22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, LA 70002**
**Telephone: (504) 780-9891**
**Fax: (504) 780-9891**
**Email: trahant@trahantlawoffice.com**

**- and -**

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow & Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500 Telephone**
**(504) 588-1514 Facsimile**
**sterbcow@lksalaw.com**

**- and -**

December 27, 2022            /s/ Jack E. Morris

_____     _____

**Date**                                   **JACK E. MORRIS (La. Bar No. 22539)**
                                                     **JACK E. MORRIS, ATTORNEY AT LAW, LLC**
                                                     **4051 Veterans Boulevard, Suite 208**
                                                     **Metairie, Louisiana 70002**
                                                     **(504) 454-2769**
                                                     **jem@jemorrislaw.com**