UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | * |  |
|  | * | CASE NO. 22-1740 |
|  | * |  |
| IN RE ROMAN CATHOLIC CHURCH | * | SECT. "T", JUDGE GUIDRY |
| OF THE ARCHDIOCESE OF NEW | * |  |
| ORLEANS | * | MAG. DIV. 3, MAG. JUDGE |
|  | * | DOUGLAS |
|  | * |  |

### REPLY MEMORANDUM IN SUPPORT
### OF MOTION TO STRIKE APPELLEE BRIEF AND APPENDIX

**MAY IT PLEASE THE COURT:**

Appellant Richard C. Trahant, through undersigned counsel, respectfully submits this reply memorandum in support of his "Motion to Strike Appellee Brief and Appendix" (R. Doc. 63) against the debtor in bankruptcy, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), currently set for submission to the Court on January 4, 2023 (R. Doc. 65), and in response to the opposition filed by the Archdiocese on December 27, 2022 (R. Doc. 67), in this appeal from a final Order of the Bankruptcy Court dated June 7, 2022 (R. 33-2 pp. 544-48).

In the motion to strike, Mr. Trahant moves the Court to strike the appellee brief and appendix the Archdiocese filed on November 30, 2022 (R. Docs. 59) "on the grounds that nothing contained in the appendix is part of the record on appeal or was omitted from the record by error or accident, that the entire appendix is irrelevant and immaterial, and that the entire brief exploits the material contained in the appendix to appellant's prejudice ..." (R. Doc. 63). In particular, Mr. Trahant shows that all of the materials contained in the Archdiocese's appendix (R. Docs. 59-1, 59-2, 59-3) are outside the record on appeal and are immaterial and irrelevant to any issue on appeal, because none of those materials existed at the time of the June 7, 2022 Order being reviewed (or even at the times

-1-

the record was designated on June 21, 2022, July 20, 2022, and August 3, 2022 (R. 33-1 pp. 2-22; R. 33-5 pp. 1-5; R. 33-4 pp. 1-6)), and further that the Archdiocese's appellee brief is replete with citations to, quotations from, discussions of, and arguments relying on the immaterial, irrelevant, and extraneous materials contained in its appendix almost exclusively throughout the entire length of the brief (R. Doc. 59 pp. iii-v, 1-3, 7-9, 11-15, 18-20, 22-28). In addition, the Archdiocese filed its nonconforming brief and appendix before filing a motion to supplement the record with the extraneous materials (R. Doc. 59), and after Mr. Trahant timely filed his original brief and appendix with citations, arguments, and an appendix properly limited to the record on appeal (R. Doc. 56).

In opposition to the motion to strike, the Archdiocese does not seriously dispute that the materials comprising its "appendix" and discussed throughout its brief are not part of the designated record on appeal, were not before the Bankruptcy Court at the time it rendered the June 7, 2022 Order, and do not reflect what happened in the Bankruptcy Court at that time, as opposed to what might have happened but did not. *See Kemlon Prod. And Dev. Co. v. U.S.*, 646 F.2d 223, 224 (5th Cir. 1981) ("A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court"); *U.S. v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981) ("What in fact went on below may be settled and placed of record pursuant to Rule 10(e) [and its corollary Fed. R. Bankr. P. 8009] and whatever proceedings are necessary to that end are permissible. New proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule"). Even the disputed documents that the Archdiocese points out are "already included in the sealed record on appeal in unredacted form" (R. Doc. 67 p. 5) were not before the Bankruptcy Court in redacted form at the time of its ruling.

Instead, the Archdiocese argues that the true subject of this appeal allegedly is not the June 7, 2022 Order, but a subsequent order of the Bankruptcy Court that Mr. Trahant also has appealed to this Court. To make this argument, the Archdiocese presumes that "this Court lacked jurisdiction" over this appeal of the June 7, 2022 Order, even though the Court previously denied the Archdiocese's motion to dismiss the appeal for lack of subject matter jurisdiction (R. Doc. 32); presumes that the June 7, 2022 Order "became final" only after the Bankruptcy Court conducted further substantive proceedings, even though this appeal was pending at the times the Bankruptcy Court conducted those proceedings; presumes that the record of this appeal encompasses the record of the new substantive proceedings in the Bankruptcy Court, even though Fed. R. Bankr. P. 8009(e), Fed. R. App. P. 10(e), and the jurisprudence interpreting and applying them limit the appellate record to material "before the district court," *Kemlon*, 646 F.2d at 224; and presumes that this appeal should not "be bifurcated" from Mr. Trahant's subsequent appeal from a subsequent order of the Bankruptcy Court, even though the two appeals are not consolidated, no party has filed a motion to consolidate them, and the principal briefing delays in this appeal have passed (R. Doc. 67 pp. 2-5).

In the June 7, 2022 Order, the Bankruptcy Court held Mr. Trahant in contempt and disqualified him from participating in proceedings of the unsecured creditors committee, imputed his actions to his clients on the committee, and ordered the U.S. Trustee to remove his clients from the committee (R. 33-2 pp. 544-48). Then, once Mr. Trahant appealed the June 7, 2022 Order on June 10, 2022 (R. 33-2 p. 569), the Bankruptcy Court was divested of jurisdiction over the alleged contempt and the sanctions imposed in that Order. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved in the appeal"). Consequently, no subsequent proceedings in the Bankruptcy Court could affect this Court's appellate jurisdiction over the appeal, or the finality or substance of the June 7, 2022 Order appealed, or the composition of the record on appeal.

The material comprising the Archdiocese's appendix and discussed throughout its appellee brief thus "amounts to a new factual basis for claims already decided ..." by the Bankruptcy Court in the June 7, 2022 Order being appealed. *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgt. Serv., Inc.*, 622 Fed.Appx. 383, 387 (5th Cir. 2015). The Archdiocese therefore "cannot demonstrate that the evidence was omitted from the appellate record by error or accident," and "the new evidence is immaterial," *id.*, and "irrelevant to the issue on appeal ...." *United States ex rel. Jamison v. Del-Jen, Inc.*, 747 Fed.Appx. 216, 219 (5th Cir. 2018). This Court therefore should exercise its discretion to strike all such "references and attachments" that are "outside the record on appeal" throughout the entirety of the Archdiocese's brief and appendix, *Muckleroy v. OPI Intern., Inc.*, 42 F.3d 641, 1994 WL 708830, p. 2 n.9 (5th Cir. 1994); *Washington v. City of Gulfport, Miss.*, 351 Fed.Appx. 916, 919 (5th Cir. 2009), particularly considering that the Archdiocese employed improper, untimely procedures to file the disputed brief and appendix without court authority and based solely on unfounded presumptions regarding jurisdiction, materiality, and consolidation.

For these reasons and for the reasons stated in Mr. Trahant's motion to strike and original memorandum in support, Mr. Trahant respectfully prays that this Court strike the appellee brief and appendix filed by the Archdiocese on November 30, 2022 (R. Doc. 59) from the record in their entirety.

RESPECTFULLY SUBMITTED,

**RICHARD C. TRAHANT (# 22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, LA 70002**
**Telephone: (504) 780-9891**
**FAX: (504) 780-9891**
**Email: trahant@trahantlawoffice.com**

**- and -**

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow & Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500 Telephone**
**(504) 588-1514 Facsimile**
**sterbcow@lksalaw.com**

**- and -**

*/s/ Jack E. Morris*
_____
**JACK E. MORRIS (La. Bar No. 22539)**
**JACK E. MORRIS, ATTORNEY AT LAW, LLC**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana 70002**
**(504) 454-2769**
**jem@jemorrislaw.com**

*Attorneys for Appellant Richard C. Trahant*