UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | CIVIL ACTION<br><br>NO: 22-1740 |
| (Bankruptcy No. 20-10846) | SECTION: T(2) |

### ORDER

Before the Court are a *Motion to Supplement the Appellate Record*[1] and *Motion to Strike Appellee's Brief and Appendix.*[2] During the pendency of those motions, Appellant filed a subsequent appeal with this Court, namely *In re Archdiocese*, No. 22-cv-04101. That subsequent appeal involves identical parties and intertwined fundamental factual and legal issues. Appellant's designations and statement of issues in this matter are either explicitly addressed, or incorporated into, the issues in the subsequent appeal. Moreover, both appeals involve orders by the same judge in the same matter.

Federal Rule of Civil Procedure 42(a) allows the court to consolidate multiple cases that "involve a common question of law or fact." Federal Rule of Bankruptcy Procedure 8003(b)(2) provides that "[w]hen parties have separately filed timely notices of appeal, the district court or BAP may join or consolidate the appeals."[3] Consolidation of bankruptcy appeals is appropriate where the "relevant orders being appealed from concern the same facts, involve the same or similar parties, and were issued by the same judge."[4] The decision as to whether to consolidate multiple

---

[1] R. Doc. 60.
[2] R. Doc. 63.
[3] Fed. R. Bankr. P. 8003(b)(2); *See In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017) (per curiam).
[4] *Buczek v. Keybank N.A.*, No. 20-1046, 2022 WL 3648567, at *1 n.1 (W.D.N.Y. Aug. 24, 2022) (citing *U.S. Bank Nat'l Ass'n v. Windstream Holdings, Inc.*, No. 20-4276, 2020 WL 4481933 at *2 (S.D.N.Y. Aug. 3, 2020)).

bankruptcy appeals lies within the discretion of the Court.[5] The Court may order such consolidation *sua sponte*.[6]

For the above reasons, the Court in its discretion will order these matters be consolidated. This consolidation renders the issues in the pending motions moot. Accordingly,

**IT IS ORDERED** that this matter is consolidated with *In re Archdiocese*, No. 22-cv-4101;

**IT IS FURTHER ORDERED** that the *Motion to Supplement the Appellate Record* and *Motion to Strike Appellee's Brief and Appendix* are **DENIED AS MOOT.**

The parties are to submit single operative briefs addressing all issues in the consolidated appeals as follows: Appellant's original brief shall be filed no later than February 20, 2023; Appellee's original brief is due no later than March 2, 2023; and, if necessary, Appellant's reply brief is due no later than March 6, 2023.

New Orleans, Louisiana this 10th day of February 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[5] *In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017) (per curiam) ("The district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the two lawsuits…."); *See also* 10 Collier on Bankruptcy ¶ 8003.09 (16th ed. 2022) (citing *Weaver v. University of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992)). ("The appellate tribunal has discretion to consolidate appeals if it deems it appropriate if it concludes that consolidation will serve the interests of justice. In most cases, the goal of fostering judicial economy is served by placing all related issues before the court at one time."); *In re Cannonsburg Env't Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("[T]he district court did not abuse its discretion by consolidating the two appeals.").

[6] *See* 10 Collier on Bankruptcy ¶ 8003.09 (16th ed. 2022) ("Appeals may be consolidated by order of the district court or bankruptcy appellate panel on its own motion or on the motion of a party.").