## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | **CASE NO. 22-1740 c/w 22-4101** |
| **IN RE ROMAN CATHOLIC** | * | |
| **CHURCH OF THE ARCHDIOCESE** | * | **SECT. "T", JUDGE GUIDRY** |
| **OF NEW ORLEANS** | * | |
| | * | **MAG. DIV. 2, MAG. JUDGE** |
| | * | **CURRAULT** |
| | * | |

## MEMORANDUM IN SUPPORT
## OF MOTION FOR REHEARING
## <u>ON BEHALF OF APPELLANT RICHARD C. TRAHANT</u>

**RESPECTFULLY SUBMITTED,**

**RICHARD C. TRAHANT (#22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, Louisiana 70002**
**(504) 780-9891**
**trahant@trahantlawoffice.com**

**- and -**

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow &**
     **Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500**
**sterbcow@lksalaw.com**

**- and -**

**JACK E. MORRIS (Bar No. 22539)**
**JACK E. MORRIS, ATTORNEY**
      **AT LAW, LLC**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana 70002**
**(504) 454-2769**
**jem@jemorrislaw.com**

*Attorneys for Appellant*
*Richard C. Trahant*

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1.   Regardless of Mr. Trahant's awareness that he might be the subject of a future contempt hearing, he was never provided with notice that he was, in fact, the subject of any contempt hearing at any time prior to the June 7, 2022 Order. Mr. Trahant therefore was deprived of due process as a matter of law, requiring reversal of the June 7, 2022 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2.   This Court's August 23, 2022 Order denying the Archdiocese's motion to dismiss Mr. Trahant's appeal of the June 7, 2022 Order for lack of subject matter jurisdiction remains in effect and is correct. The Bankruptcy Court therefore was divested of jurisdiction to re-adjudicate the issue of contempt in the October 11, 2022 Order as a matter of law, requiring reversal of the Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3.   As a matter of law, neither the June 7, 2022 Order nor the October 11, 2022 Order is supported by competent evidence, requiring reversal of both of them. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

4.   Mr. Trahant did not violate the Protective Order because the mere name of the priest at the high school and allegation of sexual abuse of a minor is not protected information or should be declassified as a matter of law and public policy, requiring reversal of both the June 7, 2022 and October 11, 2022 Orders. . . . 16

5.   Mr. Trahant's communications with the principal of the high school and the reporter did not cause any damage to the Archdiocese or Committee, and the sanctions are disproportionate, grossly excessive, and punitive, requiring reversal of the October 11, 2022 Order . . . . . . . . . . . . . . . . . . . . . . . 19

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

## *Statutes*

11 U.S.C. § 1102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fed. R. Bankr. P. 8015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Fed. R. Bankr. P. 8022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 21, 22

Fed. R. Bankr. P. 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## *Cases*

*AA Doe v. The Roman Catholic Church of the Archdiocese of New Orleans*, 2022 WL 16712878 (E.D. La. 2022) . . . . . . . . . . . . . . . . . . . . . . . 18

*Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989) . . . . 14

*Dayton Indep. Sch. Dist. v. U.S. Mineral Prod. Co.*, 906 F.2d 1059 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) . . . . . . . . . . . . . . . . . 11

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Harrell v. CheckAGAIN, LLC*, 2006 WL 5453652 (S.D. Miss. 2006) . . . . 20

*In re Coleman*, 2015 WL 7101129 (E.D. La. 2015) . . . . . . . . . . . . . . . . . . 8

*In re LeBlanc*, 2019 WL 3718122 (E.D. La. 2019) . . . . . . . . . . . . . . . . . . . 8

*In re Maritime Comm./Land Mobile, L.L.C.*, 745 F. App'x 561 (5th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Sears Holdings Corp.*, 616 B.R. 615 (S.D.N.Y. 2020). . . . . . . . . . . . 8

*June Med. Serv., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022). . . . . . . . 17

*Matter of U.S. Abatement Corp.*, 39 F.3d 563 (5th Cir. 1994) . . . . . . . . . 13

*McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902 (5th Cir. 1995) . . . . . . . . 11

*Test Masters Ed. Serv., Inc. v. Robin Singh Ed. Serv., Inc.*, 799 F.3d 437 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Thornton v. General Motors Corp.*, 136 F.3d 450 (5th Cir. 1998). . . . . . . 13

*Waste Mgt. of Wash., Inc. v. Kattler*, 776 F.3d 336 (5th Cir. 2015) . . . 10, 11

**MAY IT PLEASE THE COURT:**

Appellant Richard C. Trahant, through undersigned counsel, respectfully submits this memorandum in support of his accompanying motion for rehearing of the Court's Opinion dated March 27, 2023 in these consolidated appeals (R. Doc. 88), Judgment entered on March 28, 2023 in Case No. 22-1740 (R. Doc. 89), and Judgment entered on April 11, 2023 in Case No. 22-4101 (R. Doc. 5), affirming Orders of the Bankruptcy Court dated June 7, 2022 (R1 Doc. 33-2 pp. 544-48) and October 11, 2022 (R2 Doc. 2-11 pp. 400-29). As shown herein, in deciding the appeals, the Court has overlooked or misapprehended material matters of law or fact which, had they been given consideration, would have brought about a different result. Mr. Trahant therefore respectfully moves the Court for rehearing and reconsideration of the Court's March 27, 2023 Opinion, March 28, 2023 Judgment, and April 11, 2023 Judgment, and for entry of a final judgment reversing the Bankruptcy Court's June 7, 2022 and October 11, 2022 Orders, pursuant to Fed. R. Bankr. P. 8022.

Rule 8022 provides in pertinent part that "The motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(1)-(2). "Although Rule 8022 does not provide a standard

for determining whether rehearing is appropriate, the Fifth Circuit, in an unpublished opinion, has recognized that 'such a motion may be granted to correct a "mistaken use of facts or law" in the prior decision.'" *In re LeBlanc*, 2019 WL 3718122, p. 3 (E.D. La. 2019) (quoting *In re Maritime Comm./Land Mobile, L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam) (internal citations omitted); citing *In re Coleman*, 2015 WL 7101129, p. 1 (E.D. La. 2015) ("The Court is of the opinion that the standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law"). "This strict standard does not allow the movant to reargue its case, but rather is intended to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *In re Sears Holdings Corp.*, 616 B.R. 615, 623 (S.D.N.Y. 2020) (internal quotes and citation omitted).

Here, Mr. Trahant respectfully suggests the Court has overlooked or misapprehended material matters of law and fact which, had they been given consideration, would have brought about different results than those reached in the March 27, 2023 Opinion, March 28, 2023 Judgment, and April 11, 2023 Judgment as follows:

**1.    Regardless of Mr. Trahant's awareness that he might be the subject of a future contempt hearing, he was never provided with notice that he was, in fact, the subject of any contempt hearing at any time prior to the June 7, 2022 Order. Mr. Trahant therefore was deprived of due process as a matter of law, requiring reversal of the June 7, 2022 Order.**

In the March 27, 2023 Opinion, the Court agrees with Mr. Trahant that "the Bankruptcy Court did not have the ability to 'punish a person for contempt or impose sanctions without reasonable notice and opportunity for hearing under Fed. R. Bankr. P. 9014(a), notice and a hearing under 11 U.S.C. § [1102(a)(4)], or due process of law under the Fifth Amendment to the U.S. Constitution'" (R. Doc. 88 p. 10).[1] The Court goes on to find, however, that Mr. Trahant received "sufficient notice ..." and  "the opportunity to be heard before the June 7, 2022 Order ..." because he made statements in his Declaration that "represent Trahant's understanding that he could be the 'target' of the investigation and a concerted effort to defend his actions and explain why he believed they were permissible," and because during his deposition he "was represented by counsel, who specifically observed that Trahant was 'clearly being looked at as a potential person who violated the Court's protective order'" (R. Doc.

---

[1] In the cited brief, 11 U.S.C. § 1102(a)(4) is mis-cited as "11 U.S.C. § 1104(a)(4)" (R. Doc. 79 p. 33), which in turn is quoted in the Opinion as "11 U.S.C. § 1004(a)(4)" (R. Doc. 88 p. 10).

88 pp. 10-11). In so finding, the Court misapprehended the nature of the notice and hearing required by the Fifth Amendment.

"In general, due process requires 'that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses.'" *Waste Mgt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015) (citation omitted). "Adequate notice typically takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Id.* at 340 (footnote omitted). Absent adequate notice or any of the other requirements of due process, a "contempt finding cannot stand ...." *Id.*

Here, there was no "show-cause order," no "notice of hearing identifying each litigant who might be held in contempt," and no "chance to testify and call other witnesses" at any time before the Bankruptcy Court's *sua sponte* entry of the June 7, 2022 Order. *Waste Mgt.*, 776 F.3d at 339-40. That Mr. Trahant understood "that he could be the 'target' of the investigation ..." and made "a concerted effort to defend his actions and explain why he believed they were permissible" in his Declaration and deposition (R. Doc. 88 pp. 10-11) cannot substitute for the required notice that he personally could be found in contempt and sanctioned at an evidentiary hearing to be

held for the specific purpose of adjudicating such liability. The March 27, 2023 Opinion finding that Mr. Trahant received "sufficient notice or the opportunity to be heard before the June 7, 2022 Order ..." (R. Doc. 88 p. 11) therefore is in direct conflict with the decision in *Waste Management*, where the Court of Appeals agreed with the attorney, Moore, that "while he was aware he might be the subject of a future contempt hearing, he was not provided with adequate notice that a contempt finding could be entered against him after the show-cause hearing." *Id.* 339-41.[2]

Simply put, due process requires notice to a person that they personally could be found in contempt and sanctioned at an evidentiary hearing to be held for the specific purpose of adjudicating such liability. Under the facts as found by this Court in the March 27, 2023 Opinion, Mr. Trahant received no such notice or hearing at any time prior to entry of the June 7, 2022 Order. Mr. Trahant therefore was deprived of

---

[2] *See* also Test *Masters Ed. Serv., Inc. v. Robin Singh Ed. Serv., Inc.*, 799 F.3d 437, 451, 456 (5th Cir. 2015) (vacating contempt order against attorney where order to show cause gave him "no notice that *he* may potentially be held in contempt") (emphasis added); *Goldin v. Bartholow*, 166 F.3d 710, 722-23 (5th Cir. 1999) (reversing district court order imposing sanctions where there was "nothing in the record which would give any notice to Goldin that he might be held *personally* liable as a sanction for his conduct") (emphasis in original); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 903, 907 (5th Cir. 1995) (vacating district court order imposing sanctions on attorney where the district court "had not issued a show cause or similar order or process that would have put [the attorney] on notice that sanctions were being considered against *him personally*") (emphasis added).

due process as a matter of law, with the result that the June 7, 2022 Order "cannot

stand." *Id.* at 339-40.

> **2.      This Court's Order denying the Archdiocese's motion to dismiss Mr. Trahant's appeal of the June 7, 2022 Order for lack of subject matter jurisdiction remains in effect and is correct. The Bankruptcy Court therefore was divested of jurisdiction to re-adjudicate the issue of contempt in the October 11, 2022 Order as a matter of law, requiring reversal of the Order.**

The March 27, 2023 Opinion states that "Even if a plausible argument could

be made that the June 7, 2022 Order infringed upon Trahant's due process rights,

which the Court finds is assuredly not the case, any conceivable procedural

infirmities were cured by the subsequent chain of events"(R. Doc. 88 pp. 11-12).

However, neither the Order to Show Cause dated June 13, 2022 (R1 Doc. 33-2 pp.

586-88), the show cause hearing held on August 22, 2022 (SR2 2-16 pp. 390-507),

nor the October 11, 2022 Order, could cure the denial of procedural due process that

infected the June 7, 2022 Order because this Court's exercise of jurisdiction over Mr.

Trahant's appeal of the June 7, 2022 Order divested the Bankruptcy Court of

jurisdiction over the issues on appeal at those times, particularly including the issue

of contempt.[3]

---

[3] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional (continued...)

When the Archdiocese filed a motion to dismiss Mr. Trahant's appeal of the June 7, 2022 Order for lack of subject matter jurisdiction on the alleged grounds that "this Court lacks a 'final' order to review" (R. Doc. 32 p. 1), this Court denied the motion in an Order dated August 23, 2022 and continued to exercise jurisdiction over the appeal (R. Doc. 32). The August 23, 2022 Order is correct because the June 7, 2022 Order satisfies the requisites of finality for purposes of appeal by holding Mr. Trahant in contempt and immediately imposing at least three separate sanctions against him: it disqualified him from participating in Committee proceedings; it imputed his actions to his clients the Abuse Claimants; and it ordered the U.S. Trustee to remove the Abuse Claimants from the Committee (R1 Doc. 33-2 pp. 544-48). The June 7, 2022 Order therefore is final and appealable as of right,[4] and this Court's exercise of jurisdiction over the appeal of that Order divested the Bankruptcy Court of jurisdiction over the alleged contempt and the sanctions imposed in it.

---

[3](...continued)
significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

[4] 28 U.S.C. § 158(a)(1); *see Matter of U.S. Abatement Corp.*, 39 F.3d 563, 567 (5th Cir. 1994) (holding a contempt order is final for purposes of appeal when "two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed"); *Thornton v. General Motors Corp.*, 136 F.3d 450 (5th Cir. 1998) (finding "the portion of the district court's order suspending the appellant is final and appealable").

So contrary to the finding in the March 27, 2023 Opinion, the subsequent chain of events in the Bankruptcy Court could not re-adjudicate, cure, or otherwise affect either the finality, the substance, or the procedural infirmities of the June 7, 2022 Order appealed. As the Court acknowledged in the Opinion, "Although this Court allowed Trahant's appeal of the June 7, 2022 Order to remain pending, the August 22, 2022 Hearing and the Bankruptcy Court's October 11, 2022 Order did not alter the status of the issues already on appeal" (R. Doc. 88 p. 13).[5] The clear implication is that the Bankruptcy Court had no power to cure the procedural infirmities in the June 7, 2022 Order at any time since the appeal was taken on June 10, 2022 (R1 Doc. 33-2 pp. 569-71), and therefore it could not and did not do so in the October 11, 2022 Order.

Consequently, insofar as the June 7, 2022 Order deprived Mr. Trahant of due process and is invalid as a result, then that Order remains invalid notwithstanding any subsequent chain of events in the Bankruptcy Court. This leads to the further conclusion that the October 11, 2022 Order imposing additional sanctions based on

---

[5] Citing *Dayton Indep. Sch. Dist. v. U.S. Mineral Prod. Co.*, 906 F.2d 1059 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals'") (quoting *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989)).

the finding of alleged contempt in the June 7, 2022 Order likewise is invalid because without a valid order finding contempt, there can be no valid order of sanctions for contempt. Therefore, as a matter of law, the October 11, 2022 Order must be reversed as well.

### 3. As a matter of law, neither the June 7, 2022 Order nor the October 11, 2022 Order is supported by competent evidence, requiring reversal of both of them.

Additionally and in the alternative, even if the June 7, 2022 and October 11, 2022 Orders were valid, they must be reversed because neither is supported by competent evidence. Without a hearing prior to entry of the June 7, 2022 Order, no party offered or introduced any testimony or document in evidence in support of that Order at any time. And except for Mr. Trahant's testimony repeatedly and consistently disclaiming any knowing or willful violation of the Protective Order as noted in the March 27, 2023 Opinion (R. Doc. 88 pp. 5-8, 13-15), no party offered or introduced any testimony or document in evidence at the August 22, 2023 show cause hearing (SR2 2-16 pp. 390-507). As a result, the Bankruptcy Court's findings of alleged contempt and award of $400,000 in sanctions are not supported by any competent evidence in the record and constitute plain error, requiring reversal of both the June 7, 2022 Order and the October 11, 2022 Order.

**4.      Mr. Trahant did not violate the Protective Order because the mere name of the priest at the high school is public, non-protected information or should be declassified as a matter of law and public policy, requiring reversal of both the June 7, 2022 and October 11, 2022 Orders.**

Also in addition and in the alternative, the March 27, 2023 Opinion confirms that there is no evidence or finding that Mr. Trahant disclosed any confidential documents, the contents of any confidential documents, or the details of allegations against the priest to anyone at any time (R. Doc. 88 pp. 5-7, 10, 12). As Mr. Trahant testified without objection, such details became public knowledge as a direct result of disclosures by Archdiocese officials to various third parties, and disclosures by an undisclosed source – who explicitly was not Mr. Trahant -- to the reporter (SR2 Doc. 2-16 pp. 479-81, 486-89). In contrast, the only information Mr. Trahant communicated to the principal at the high school and the reporter was the name of the priest at the high school, "with the intent of 'planting a seed' about the priest" (R. Doc. 88 pp. 5-7, 10, 12, 14). But as a matter of law and public policy, the mere name of the priest at the high school either is public, non-protected information or should be declassified under the Protective Order. As a result, "planting a seed" based on

such public, non-protected information could not and did not violate the Protective

Order.[6]

In the March 27, 2023 Opinion, the Court faults Mr. Trahant for failing to

invoke "the appropriate process as provided in the Protective Order for challenging

the 'CONFIDENTIAL' designation of any document ..." (R. Doc. 88 p. 13).

However, the Court overlooks the following pertinent provision in the Protective

Order:

> A Receiving Party shall not be obligated to challenge the
> propriety of a confidentiality designation at the time of its receipt of
> Discovery Material, and a failure to do so shall not preclude or be
> deemed to preclude a subsequent challenge thereto. The failure of any
> Party to challenge the designation by a Producing Party of Discovery
> Material as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS'

---

[6] The Protective Order provides in pertinent part:

Accordingly, information that is in the public domain at the time of
disclosure to a Receiving Party or becomes part of the public
domain after its disclosure to a Receiving Party as a result of publication not
involving a violation of this Protective Order, including becoming part
of the public record through trial or otherwise; and/or (b) information
known to the Receiving Party prior to the disclosure or obtained by the
Receiving Party after the disclosure from a source who obtained the
information lawfully and under no obligation of confidentiality to the
Producing Party shall not be governed by this Protective Order even in
the event that it is produced during discovery in this matter.

(R1 Doc. 33-2 p. 63). *See also June Med. Serv., L.L.C. v. Phillips*, 22 F.4th 512, 520
(5th Cir. 2022) ("Publicly available information cannot be sealed") (citations
omitted).

EYES ONLY" shall not constitute a waiver of that Party's right to object
to the designation at a later time, including at trial.

(R1 Doc. 33-2 pp. 57-58). Pursuant to this provision, Mr. Trahant was and remains

entitled to challenge the propriety of any purported confidentiality designation of the

name of the priest, who was actively involved with students at the high school at the

time (R2 Doc. 2-11 p. 332 ¶ 10), or the fact that the priest had been credibly accused

of sexual abuse of a minor, in the Bankruptcy Court and on appeal.

Consideration of Mr. Trahant's challenge to the propriety of any confidentiality

designation of the name of the priest and the fact that he had been credibly accused

of sexual abuse of a minor leads to the conclusion that designation of such

information as confidential under the Protective Order is improper as a matter of law

and public policy.[7] Mr. Trahant therefore did not violate the Protective Order,

knowingly or wilfully or otherwise, with the result that both the June 7, 2022 Order

and the October 11, 2022 Order must be reversed.

---

[7] *Cf. AA Doe v. The Roman Catholic Church of the Archdiocese of New Orleans*, 2022 WL 16712878, p. 3 (E.D. La. 2022) ("Courts have consistently held that a party's embarrassment or incrimination, absent something more, is not a basis for documents to be held confidential under Rule 26. The Court, exercising its discretion, finds good cause does not exist merely because the Report may bring, as a general matter, embarrassment to the Archdiocese") (citations omitted).

5.     **Mr. Trahant's communications with the principal of the high school and the reporter did not cause any damage to the Archdiocese or Committee, and the sanctions are disproportionate, grossly excessive, and punitive, requiring reversal of the October 11, 2022 Order.**

In the March 27, 2023 Opinion, the Court found that "The $400,000 in sanctions imposed by the Bankruptcy Court are reasonable and justified under the circumstances" (R. Doc. 88 p. 14). But not only did the Archdiocese and the Committee fail to offer or introduce any evidence of such extraordinary alleged losses into evidence at the evidentiary hearing held for that purpose, there also is no evidence that Mr. Trahant's communications with the principal of the high school and the reporter caused such damages to the Archdiocese or Committee.

As Mr. Trahant testified, the details of the priest's alleged sexual abuse of a minor became public knowledge as a result of disclosures by Archdiocese officials to various third parties, and disclosures by an undisclosed source, who explicitly was not Mr. Trahant, to the reporter (SR2 Doc. 2-16 pp. 479-81, 486-89). The record also establishes that Mr. Trahant and his co-counsel repeatedly attempted to participate in the Court's sealed status conferences to discuss the details of his communications with the principal at the high school and the reporter (SR1 Doc. 34 pp. 148-64), and that Mr. Trahant truthfully disclosed his very limited communications with the principal and the reporter in his declaration, discovery responses, and deposition

testimony (SR1 Doc. 34 pp. 199-202; SR1 Doc. 40-2 pp. 241-49; SR1 Doc. 39-16 pp. 1-292).

Consideration of these facts leads to the conclusions that any fees and costs the Archdiocese and Committee sought to recover in the Bankruptcy Court were incurred as a result of their own acts and omissions, or as a result of the acts or omissions of a third party or parties for whom Mr. Trahant is not responsible. As a result and further in the alternative, the Bankruptcy Court's sanctions against Mr. Trahant in the outrageous sum of $400,000 are manifestly disproportionate, grossly excessive, and punitive, requiring reversal of the October 11, 2022 Order.[8]

**Conclusion**

For these reasons, Mr. Trahant respectfully moves the Court for rehearing and reconsideration of the Court's Opinion dated March 27, 2023 in these consolidated cases (R. Doc. 88), Judgment entered March 28, 2023 in Case No. 22-1740 (R. Doc. 89), and Judgment entered April 11, 2023 in Case No. 22-4101 (R. Doc. 5), and for entry of a final judgment reversing the Bankruptcy Court's June 7, 2022 and October 11, 2022 Orders (R1 Doc. 33-2 pp. 544-48; R2 Doc. 2-11 pp. 400-29) pursuant to Fed. R. Bankr. P. 8022.

---

[8] *Harrell v. CheckAGAIN, LLC*, 2006 WL 5453652, p. 5 (S.D. Miss. 2006) (noting "an award of sanctions requires more than the violation, it requires some measure of damages")  (citations omitted).

**RESPECTFULLY SUBMITTED,**

**RICHARD C. TRAHANT (# 22653)**
**ATTORNEY AT LAW**
**2908 Hessmer Avenue**
**Metairie, LA 70002**
**(504) 780-9891**
**trahant@trahantlawoffice.com**

**- and -**

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow & Abramson**
**601 Poydras Street, Suite 2615**
**New Orleans, Louisiana 70130**
**(504) 588-1500**
**sterbcow@lksalaw.com**

**- and -**

*/s/ Jack E. Morris*
_____
**JACK E. MORRIS (La. Bar No. 22539)**
**JACK E. MORRIS, ATTORNEY AT LAW,**
    **LLC**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana 70002**
**(504) 454-2769**
**jem@jemorrislaw.com**

*Attorneys for Appellant*
*Richard C. Trahant*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION,
## <u>TYPEFACE REQUIREMENT, AND TYPE STYLE REQUIREMENT</u>

1.     This "Motion for Rehearing on Behalf of Appellant Richard C. Trahant" and incorporated "Memorandum in Support" complies with the type-volume limitation of Fed. R. Bankr. P. 8022(b)(1) because it contains 3,894 words excluding the parts of the motion and memorandum exempted by Fed. R. Bankr. P. 8015(g).

2.     This motion and incorporated memorandum complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5), and the type style requirements of Fed. R. Bankr. P. 8015(a)(6), because it has been prepared in a proportionally spaced typeface using WordPerfect 2020 in 14-point font and Times New Roman type style.

April 11, 2023                              */s/ Jack E. Morris*
_____            _____
**Date**                                       **JACK E. MORRIS (Bar No. 22539)**
                                               **JACK E. MORRIS, ATTORNEY AT LAW,**
                                                   **LLC**
                                               **4051 Veterans Boulevard, Suite 208**
                                               **Metairie, Louisiana 70002**
                                               **(504) 454-2769**
                                               **jem@jemorrislaw.com**

                                               ***Attorney for Appellant***
                                               ***Richard C. Trahant***