UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ROMAN CATHOLIC<br>CHURCH OF THE ARCHDIOCESE<br>OF NEW ORLEANS | CIVIL ACTION<br>NO. 22-1740<br>c/w 22-4101 |
| (Bankruptcy No. 20-10846) | SECTION: T (2) |

**RESPONSE OF APPELLEE, THE ROMAN CATHOLIC
CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,
TO MR. TRAHANT'S MOTION FOR REHEARING**

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**," "**Archdiocese**," or "**Appellee**"), who respectfully files this Response to the *Motion for Rehearing on Behalf of Appellant Richard C. Trahant* [R. Doc. 90] (the "**Motion for Rehearing**"), filed by Richard C. Trahant ("**Appellant**" or "**Mr. Trahant**").[1]

The Motion for Rehearing is the latest tactic in Mr. Trahant's scorched-earth campaign to undo the Bankruptcy Court's June 7, 2022 Order and October 11, 2022 Order. After unsuccessfully prosecuting two appeals, during which he filed two principal briefs, a reply brief, and a fruitless motion to strike the Archdiocese's initial

---

[1] Because this Court docketed its March 28, 2023 judgment in each of the two constituent cases underlying these consolidated appeals [*See* Civil Action No. 22-1740, R. Doc. 89; Civil Action No. 22-4101, R. Doc. 5], Mr. Trahant filed a second *Motion for Rehearing on Behalf of Appellant Richard C. Trahant* [R. Doc. 91] (the "**Second Motion for Rehearing**") on April 11, 2023. Although this Court has not expressly granted the Archdiocese permission to respond to the Second Motion for Rehearing [*See* R. Doc. 92], the arguments in this Response apply to both motions with equal force because the motions are nearly identical.

#101183194v6

principal brief, Mr. Trahant seeks yet another bite at the apple. The one unifying theme through the multitude of briefing is Mr. Trahant's steadfast refusal to accept the consequences of his actions. Because Mr. Trahant merely rehashes prior arguments and fails to demonstrate any actual mistake of fact or law in this Court's March 27, 2023 Opinion affirming the Bankruptcy Court's June 7, 2022 Order and October 11, 2022 Order, rehearing is not warranted.

### A. Legal Standard—Bankruptcy Rule 8022(a).

Rule 8022(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") allows a party to a bankruptcy appeal to move for rehearing within 14 days after entry of the district court's judgment. Fed. R. Bankr. P. 8022(a)(1). Such a motion "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2).

Although "Bankruptcy Rule 8022 does not provide a standard of decision for a motion for rehearing," the Fifth Circuit has stated that "such a motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." *In re Mar. Commc'ns/Land Mobile L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam) (quoting *In re Coleman*, No. 15-569, 2015 U.S. Dist. LEXIS 153844, at *4 (E.D. La. Nov. 13, 2015) (Berrigan, J.)). In applying this standard, district courts in the Fifth Circuit have routinely denied motions for rehearing. *See, e.g.*, *Royal Alice Props.*,

#101183194v6

*LLC v. AMAG, Inc.*, No. 20-3346, 2022 U.S. Dist. LEXIS 16576, at *10 (E.D. La. Jan. 31, 2022) (Vance, J.) (denying motion for rehearing because "none of petitioners' arguments identify a mistake of law or fact that warrant a rehearing"); *Ward v. Cross Keys Bank*, No. 21-01629, 2021 U.S. Dist. LEXIS 181579, at *5 (W.D. La. Sept. 22, 2021) ("The Court has previously considered all of the arguments they are making in their Motion for Rehearing and has rejected them. Although Appellants disagree with the Court's determination in this case, the Court finds no reason to grant a rehearing."); *In re LeBlanc*, No. 18-11748, 2019 U.S. Dist. LEXIS 132089, at *14 (E.D. La. Aug. 7, 2019) (Feldman, J.) (denying motion for rehearing because movant "fails to identify any error of fact or law underlying this Court's determination" and "simply disagrees with this Court's decision").[2]

The Advisory Committee Notes to Bankruptcy Rule 8022 indicate that the rule is adapted from former Bankruptcy Rule 8015 and Federal Rule of Appellate Procedure 40, which applies to petitions for appellate panel rehearing. Fed. R. Bankr. P. 8022 advisory committee's note; *see also* Fed. R. App. P. 40(a)(2) ("The

---

[2] The Eleventh Circuit is even more exacting. "[C]ourts in the Eleventh Circuit have reviewed motions for rehearing in the same manner as a motion for reconsideration." *Harper v. Heather Hills Amenities, LLC*, No. 21-1057, 2023 U.S. Dist. LEXIS 36003, at *4-5 (M.D. Fla. Mar. 3, 2023) (citing *In re Paris*, No. 06-1084, 2006 U.S. Dist. LEXIS 93956 (M.D. Fla. Oct. 30, 2006)). "To that end, this Court recognizes three grounds warranting reconsideration of a prior order: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *Id.* at *5 (quoting *In re Baumann*, No. 15-643, 2016 U.S. Dist. LEXIS 58611 (M.D. Fla. May 3, 2016)).

3

petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."). In light of Bankruptcy Rule 8022's derivation, district courts in this Circuit have also found guidance in the Rule 40 standard for petitions for rehearing. *See Gober v. Gober & Merrell Chevrolet-Buick-Gmc, Inc.*, No. 17-357, 2019 U.S. Dist. LEXIS 243964, at *3-4 (E.D. Tex. Feb. 20, 2019); *McVay v. Otero*, 371 B.R. 190, 206-07 (W.D. Tex. 2007). "A petition for rehearing is not a crutch for dilatory counsel, nor, in the absence of demonstrable mistake, [is it intended to] permit reargument of the same matters." *Gober*, 2019 U.S. Dist. LEXIS 243964, at *4 (internal citations and quotations omitted).

### B. Mr. Trahant Has Not Identified a Mistake of Fact or Law Warranting Rehearing.

Mr. Trahant has failed to identify a mistake of fact or law and, instead, simply rehashes prior arguments. As further detailed below, this Court has already considered and properly rejected the principal arguments raised in the Motion for Rehearing. *See Mar. Commc'ns*, 745 F. App'x at 562 (affirming district court's denial of appellant's motion for rehearing because "[t]he motion essentially reiterated [appellant's] original arguments and did not identify mistaken use of facts or law in the prior order"). To the extent that the March 27, 2023 Opinion does not squarely address certain arguments, those contentions lacks merit. Thus, Mr. Trahant has not shown that this Court "would have reached a different result had it

4

been aware of its mistaken use of facts or law." *In re Coleman*, 2015 U.S. Dist. LEXIS 153844, at *4.

### a. Due Process.

Mr. Trahant first contends that this Court should reconsider its finding that he received adequate due process before entry of the June 7, 2022 Order. [R. Doc. 90-1, pp. 9-12]. On this issue, Mr. Trahant reasserts his prior argument that the Fifth Circuit's decision in *Waste Management of Washington, Inc. v. Kattler,* 776 F.3d 336, 339-41 (5th Cir. 2015) controls here and that the Bankruptcy Court's failure to issue a show-cause order identifying Mr. Trahant is fatal to a finding of adequate due process.[3] But in *Waste Management*, the Fifth Circuit recognized that "[a]dequate notice **typically** takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Waste Mgmt.,* 776 F.3d at 340 (emphasis added). The Fifth Circuit ultimately concluded that the district court's "notice did not signal to [an attorney] that he could be found in contempt because it identified [the client] alone as the party whose contempt liability was to be adjudicated." *Id.* at 340-41.

Here, after conducting "a thorough review of the record," this Court correctly found that Mr. Trahant "had enjoyed more than enough due process" prior to entry

---

[3] Mr. Trahant previously made this same argument in his principal brief. [R. Doc. 79, pp. 32-39].

5

of the June 7, 2022 Order and that the Bankruptcy Court's action "was warranted by the circumstances." [R. Doc. 88, pp. 10-11]. Among other things, this Court emphasized that Mr. Trahant was represented by counsel during his deposition in connection with the UST's investigation and that counsel "specifically observed that Trahant was 'clearly being looked at as a potential person who violated the Court's protective order.'" [*Id.*, p. 11].

This Court alternatively found that, even if "the June 7, 2022 Order infringed upon Trahant's due process rights . . . , any conceivable procedural infirmities were cured by the subsequent chain of events," including the issuance of "a Show Cause Order, which provided Trahant with additional notice and the opportunity to be heard before sanctions were levied against him." [*Id.*, pp. 11-12].

### b. Jurisdiction.

Reasserting the same argument about jurisdiction that he raised in prior briefs,[4] Mr. Trahant requests that this Court reconsider its alternative due process finding. Mr. Trahant argues, incorrectly, that the events following entry of the June 7, 2022 Order could not cure any underlying due process issues because his appeal of the June 7, 2022 Order divested the Bankruptcy Court of jurisdiction concerning that order. [R. Doc. 90-1, pp. 12-15].

---

[4] Specifically, Mr. Trahant asserted this argument in his principal brief [R. Doc. 79, pp. 39-41] and reply brief [R. Doc. 83, pp. 7-9].

6

#101183194v6

This Court has previously considered and rejected Mr. Trahant's contention that the Bankruptcy Court lacked jurisdiction to render the October 11, 2022 Order. [*See* R. Doc. 88, pp. 12-13] (explaining that "the October 11, 2022 Order brought finality to the issues now properly before the Court"). The June 7, 2022 Order was interlocutory when entered because the Bankruptcy Court had not yet imposed sanctions.[5] Mr. Trahant's appeal of the June 7, 2022 Order, therefore, did not divest the Bankruptcy Court of jurisdiction concerning that order, as it was not rendered "final" for purposes of appeal until the Bankruptcy Court imposed sanctions on October 11, 2022.[6]

### c. Evidence.

Mr. Trahant next recycles his frivolous argument that the June 7, 2022 Order and October 11, 2022 Order are not supported by competent evidence. [R. Doc. 90-

---

[5] *See U.S. Abatement Corp. v. Mobil Expl. & Producing U.S. (In re U.S. Abatement Corp.),* 39 F.3d 563, 567 (5th Cir. 1994) ("[A] civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed . . . ."); *see also* [R. Doc. 88, p. 11] (noting that the June 7, 2022 Order finding Mr. Trahant in contempt did not impose sanctions because it "merely precluded Trahant from further participating in the Bankruptcy Proceeding").

[6] *See Dayton Indep. Sch. Dist. v. U.S. Mineral Prod. Co.*, 906 F.2d 1059, 1062-64 (5th Cir. 1990) (holding that "the district court loses jurisdiction over all matters which are **validly** on appeal") (emphasis added); *see also Barnes v. BP Expl. & Prod. Inc.,* No. 17-3036, 2022 U.S. Dist. LEXIS 156896, at *2 n.1 (E.D. La. Aug. 30, 2022) (Ashe, J.) ("The district court retains jurisdiction, however, when the notice of appeal relates to an order that is not immediately appealable.") (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).

1, pp. 15-16].[7] This contention likewise lacks merit. It is axiomatic that the record for a contested matter includes documents filed in the bankruptcy court's record pertaining to that matter. Here, as this Court recognized in the March 27, 2023 Opinion, the UST Report and its exhibits, as well as the investigation-related fee invoices, were filed in the Bankruptcy Court's record in response to the April 25, 2022 Order and the June 13, 2022 Order to Show Cause, respectively. [R. Doc. 88, pp. 6-8, 12-14]. Such evidence was properly considered by the Bankruptcy Court in rendering the June 7, 2022 Order and October 11, 2022 Order.[8]

Mr. Trahant's argument, at its core, is that the Bankruptcy Court must use "magic words" to admit a document into evidence. Requiring such incantations amounts to "empty formalism" and elevates form over substance. *See In re Black*, No. 16-13200, 2017 U.S. Dist. LEXIS 111222, at *18-19 (E.D. La. July 18, 2017) (Brown, J.). The Fifth Circuit has long decried elevating form over substance. *E.g.*, *Mirant Peaker, LLC v. S. Md. Elec. Coop., Inc. (In re Mirant Corp.)*, No. 03-46590, 2004 Bankr. LEXIS 2455, at *16 (Bankr. N.D. Tex. June 28, 2004) ("Not only are

---

[7] Mr. Trahant asserted this exact argument in his principal brief. [R. Doc. 79, pp. 41-42].

[8] As the Archdiocese noted in its principal brief, it is preposterous for Mr. Trahant to argue that the UST Report and its attachments are not part of the evidentiary record when he objected to the competence of such evidence at the Show-Cause Hearing, and the Bankruptcy Court specifically overruled his objections. [*See* R. Doc. 82, p. 36 n.20]. Insofar as Mr. Trahant challenges the invoices filed by professionals for the Debtor and the Committee in response to the Order to Show Cause, this Court correctly observed that Mr. Trahant failed to object to those invoices at the Bankruptcy Court level despite having many opportunities to do so. [R. Doc. 88, pp. 12-14].

Defendants' authorities not persuasive or pertinent to the court's inquiry, they are inconsistent with the general rule that form will not prevail over substance in a bankruptcy case.") (collecting cases). Indeed, cases are not remanded because a court did not use "magic words," as long as evidence exists to support the lower court's decisions. *E.g.*, *Ranson v. Comm'r of Soc. Sec.*, No. 21-157, 2022 U.S. Dist. LEXIS 117643, at *11-18 (N.D. Miss. July 5, 2022).[9]

Here, Mr. Trahant's own testimony confirms the conclusions of the UST Report. Mr. Trahant filed a Declaration demonstrating a violation of the Protective Order and further testified at the Show-Cause Hearing admitting to inappropriate contacts with the principal of the local high school and a reporter. [*See* R. Doc. 88, pp. 4-6, 12-14]. In substance, this Court correctly found:

> Trahant also provided sworn testimony and engaged in thorough discourse with the Bankruptcy Court about the evidence against him. Trahant did not controvert the UST's findings in any meaningful way. Rather, Trahant's testimony confirmed the findings of the UST's investigation and he again admitted to disclosing the identity of the priest to the high school's principal and the reporter. Trahant further acknowledged that the priest's identity and details of the allegations against him were not in the public domain at the time he disseminated the information.

---

[9] *See also Carmadelle v. Johns-Manville Sales Corp.*, 459 So. 2d 621, 623 (La. App. 5 Cir. 1984).

#101183194v6

[*Id.*, p. 12]. It is patently absurd to suggest that the UST Report is not "competent evidence" when Mr. Trahant himself admitted to the critical facts in the report.

### d. Protective Order Violation.

Mr. Trahant also re-urges his argument that he did not violate the Protective Order, contending that the name of the priest at the local high school is public information and that he did nothing wrong. [R. Doc. 90-1, pp. 16-17]. This argument, too, has been considered and properly rejected. [R. Doc. 88, pp. 6-7, 12-15].

As explained in the March 27, 2023 Opinion, Mr. Trahant acknowledged during the Show-Cause hearing "that the priest's identity and details of the allegations against him were not in the public domain at the time he disseminated the information." [*Id.*, p. 12]. This Court correctly found that Mr. Trahant ignored the process for challenging confidentiality designations under the Protective Order and, instead, wrongfully disseminated Protected Material to the principal of the local high school and a reporter by sending text messages and an email that were intended to convey that the priest had been accused of misconduct. [*Id.*, pp. 6-7, 13-15].

Mr. Trahant next asserts that this Court erred by failing to address a certain provision of the Protective Order concerning the process for challenging confidentiality designations. [R. Doc. 90-1, pp. 17-18]. Mr. Trahant's reliance on this provision is misplaced. Although Paragraph 6(e) of the Protective Order

provides that the failure of a party to challenge a confidentiality designation contemporaneously does not preclude the party from challenging the designation at a later time, it does not empower a party to disclose Protected Material before the designation has been lifted. [*See* R. Doc. 33-2, pp. 57-58]. Accordingly, Mr. Trahant may not invoke this provision to evade liability for Protective Order violations that have already occurred.

### e. Reasonableness of Sanctions.

Finally, Mr. Trahant asks this Court to reconsider its finding that the Bankruptcy Court's $400,000 sanctions award is reasonable and justified. On this issue, Mr. Trahant contends that the sum is disproportionate, excessive, and punitive because his conduct did not cause damages to the Archdiocese or the Committee. [R. Doc. 90-1, pp. 19-20]. This Court has properly rejected these arguments as well. [*See* R. Doc. 88, pp. 13-15] (finding that the Bankruptcy Court did not abuse its discretion in imposing $400,000 in sanctions because (a) Mr. Trahant willfully and knowingly violated the Protective Order, (b) the Bankruptcy Court independently reviewed the investigation-related invoices submitted by Debtor and Committee professionals and reduced the award by approximately 50%, despite finding that the total amount incurred was reasonable and justified, and (c) the sanctions were not punitive in any manner).

Overall, none of Mr. Trahant's arguments identify a mistake of fact or law that warrant reconsideration of the Court's March 27, 2023 Opinion. Because Mr. Trahant "simply disagrees with this Court's decision, rehearing is inappropriate." *In re LeBlanc*, 2019 U.S. Dist. LEXIS 132089, at *14.

## CONCLUSION

For the foregoing reasons, the Archdiocese respectfully requests that this Court deny the Motion for Rehearing.

Dated: April 18, 2023  Respectfully submitted,

*/s/ Mark A. Mintz*
MARK A. MINTZ (#31878)
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
EDWARD D. WEGMANN (#13315)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8368
Email: mmintz@joneswalker.com
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: dwegmann@joneswalker.com

***Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans***

#101183194v6

## CERTIFICATE OF COMPLIANCE

1. This Response complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3)(A) and, to the extent applicable, Fed. R. Bankr. P. 8022(b)(1), because it contains 2,886 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the Response exempted by Fed. R. Bankr. P. 8015(g); and

2. In accordance with Fed. R. Bankr. P. 8013(f), this Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: April 18, 2023

*/s/ Mark A. Mintz*
MARK A. MINTZ (#31878)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8368

***Counsel for Appellee, The Roman Catholic Church of the Archdiocese of New Orleans***